4 U.S. 218 (____)
4 Dall. 218
The Lessee of Weitzell et al.
versus
Fry.
Supreme Court of United States.

*220 SHIPPEN, Chief Justice.
There are two points of inquiry before the Court and jury: 1st. Whether the proceedings upon the sale have been regular? 2d. Was there such an act of fraud, unfairness, or contrivance, at the time of the sale, as ought to vitiate the whole transaction?
1st. It is alleged, on the first point, that there was no precept authorising the sale; and it is proved, that, on search, a regular precept has not been found in the treasurer's office. We think, that a precept was necessary to support the sale; and that the paper, which has been produced, was not a regular precept. But, on the other hand, the sheriff swears, that he received a precept signed by the treasurer; and it is not probable, that he would have sold an estate under a blank form. As, therefore, the party has not the custody of the precept, and ought not to be made responsible for its loss; the jury will consider, whether there is not sufficient evidence, to presume the existence of a regular precept, at the time of the sale.
It has, also, been urged, that there is no proof, that advertisements of the sale were posted up at public places; but, if the sale was a fair one, we regard this, as a very feeble objection. The act of making such advertisements, is the duty of the sheriff; it is a matter merely directory; and, unless an actual injury has been sustained by an omission, it would be hard, indeed, that it should affect the title of a bona fide purchaser.
2d. The chief ground of defence, however, is the allegation of fraud at the sale; and if Richeson did then attempt to get the land unfairly, he ought not to be allowed to benefit by his iniquity. It is always a mark, prima facie, of unfairness, when a man, who forbids a sale, or slanders a title, becomes himself the purchaser of the land. It is true, that Richeson might be bound to give notice of the commissioners' deed; but did he confine himself to giving a fair notice of the claim, without any sinister design, *221 or conversation, or action, to depreciate the estate, and to secure it for himself at an undervalue? No: he employed another person, secretly, to bid for him, while he deceitfully threatened his own bidder, and seriously threatened every other bidder, with a law suit. And, wherever there is an appearance of fraud, the inadequacy of price, though not conclusive in itself to avoid a sale, affords an argument of great weight against a purchaser, to whom the fraud is imputed.
Here, then, it is important to remark, that from the special nature of the proceeding under the treasurer's precept, the defendant had no opportunity of applying to any Court, for immediate relief: but we do not hesitate to declare, that if a case were brought before us, under such circumstances, we should certainly set aside the sale.
It now, however, becomes the province of the jury to decide upon the evidence, whether Richeson's conduct was fair and proper; without a sinister view to get the land at an under price. If they think it was, the verdict will be in his favour. If they think otherwise, the defendant must prevail.
Verdict for the defendant.[(1)]
NOTES
[(1)] Tried in the Circuit Court, Northumberland county, on the 17th of Oct. 1800, before SHIPPEN, C.J., and BRACKENRIDGE, J.