# Swires *versus* Brotherline *et al.*

*Judicial Sale of Personal Property, not void simply because there is but one Bidder.— When Crier may Purchase —Inadequacy of Price, no Reason for avoiding Sale.— What passes by Judicial Sale of Defendant's Personal Property.— Officer justified by Writ improperly sued out.*

1. A judicial sale of personal property, at which one bid only was offered and taken, and no opportunity given for a second bid, would be fraudulent; but where only one bid could be obtained, at which, after a reasonable effort to get another, the property was struck down, the auction would be valid.

2. Where the auctioneer himself was the sole bidder, the validity of the sale might be affected, if he were the officer intrusted with it; but not where he was a crier only, and the sale was conducted under the direction of a deputy marshal holding the writ.

3. Mere inadequacy of price will not impeach a sale of personalty, though sometimes it is sufficient ground to set aside a sale of real estate; personal property, fairly advertised, cried, and struck down, must go for what it will bring.

4. Where the goods of one of several defendants in an execution were seized in the possession of others of them, and advertised and sold as their property under the writ, the sale divests the owner's interest, and the officer is not a trespasser.

5. If a plaintiff issue execution, contrary to his agreement with one of the defendants, the latter has his remedy; but the officer holding the writ, is justified by it, and it was no part of his duty to adjust the equities of the plaintiff under that agreement.

ERROR to the Common Pleas of *Cambria county.*

This was an action of trespass, brought in the court below, to March Term 1859, by Anthony Swires against John Brotherline, Edward Shoemaker, Jr., and James S. Clark, to recover damages

[Swires *v.* Brotherline *et al.*]

for taking away certain parts of his portable steam saw-mill, in Clearfield township, and for the injury and loss resulting from the interruption of his business in consequence thereof. To a declaration in the usual form, setting forth the acts of trespass committed by the defendants, they pleaded not guilty, with leave to add, alter, &c.

The case was this:—One of the defendants (Clark) was acting in the case as deputy marshal of the United States for the Western District of Pennsylvania, in the execution of a writ of *habere facias possessionem* and *fi. fa.* for costs issued out of the Circuit Court, on a judgment in ejectment, at the suit of Murray Hoffman against James Ross, Anthony Swires *et al.* The other defendants were acting with Clark as his assistants in the execution of the writ.

It appeared, on the trial, that, pending the ejectment above mentioned, an agreement was executed by the agent of Murray Hoffman, the plaintiff, and filed of record in the cause, to the effect that any judgment that might be recovered in favour of the plaintiff should enure to the benefit of Swires, so far as it affected certain lands therein mentioned. And the allegation of the plaintiff in this action of trespass was, that the writ of *habere facias possessionem* was improperly issued against him, and that the execution of it by the deputy marshal and his assistants made them trespassers.

The mill was advertised as the property of James Swires and John R. Smith, who were also defendants in the ejectment, was exposed to sale by Brotherline, a crier, acting under the authority and in the presence of the deputy marshal, and others who attended the sale, and, after an adjournment of a week, was publicly struck down by Brotherline to himself for $20—he being the only bidder.

Under this state of facts, the plaintiff requested the court below to instruct the jury:—

1. That under the evidence in the case, showing that Anthony Swires was not in possession of the land on which the saw-mill was situate, at the institution of the ejectment in the Circuit Court of the United States, Murray Hoffman, Jr. *v.* James Ross *et al.*, and under the agreement filed by the plaintiff in that case, as to the effect of the verdict against Anthony Swires, the property of Anthony Swires could not be levied upon and sold for the costs in that action.

2. If the jury believed that the portable saw-mill was levied upon, advertised, and sold as the property of John R. Smith and James Swires, when it in reality was the property of Anthony Swires, the plaintiff is entitled to recover.

3. If the jury believe that John Brotherline was not authorized by the deputy marshal to act as his assistant, the plaintiff is

[Swires v. Brotherline et al.]

entitled to recover against him, the said Brotherline, for his unauthorized acts.

4. If the jury believe that John Brotherline was authorized to act as the assistant of the deputy marshal, that he acted as his assistant *at the sale*, and knocked down to himself a saw-mill proved to be worth alone from $1400 to $1500, together with a lot of lumber, for the sum of $20, the circumstances are such strong evidence- of fraud upon the part of said assistant, as, if believed by the jury, are sufficient to avoid the sale, and make said Brotherline a trespasser, and entitles the plaintiff to recover.

The Court below (TAYLOR, P. J.) after stating the facts of the case, affirmed the third point, negatived the first, second, and fourth points, and charged the jury, that, "a general verdict, as the record shows, had been rendered for the plaintiff, and judgment entered upon it; and the writ of *hab. fa. possessionem* and *fi. fa.* regularly issued in execution of it. And, if that writ was issued by the plaintiff in violation of the agreement, Swires has his remedy upon it; but the writ, having issued upon a judgment duly rendered against *Swires*, as well as the other defendants, it was a justification to the .officer, the marshal, or his deputy, and all who acted with or under him in executing it, and none of them became, therefore, trespassers in seizing any property of any of the defendants in the judgment and in the writ.

"If, therefore, the jury find the facts as we have stated them —and it seems to us there is little ground for dispute about any of them—their verdict should be for the defendants."

There was a verdict and judgment accordingly; whereupon the plaintiff sued out this writ, and assigned for error the refusal of the court below to affirm the second and fourth points, and in charging the jury as above stated.

*George W. Reed*, for plaintiff, insisted that the question of actual fraud raised by the fourth point should have been submitted to the jury: Abbey v. Dewey, 1 Casey 416–417; McMichael v. McDermott, 5 Harris 358; Forsyth v. Mathews, 2·Harris 104; Dorick et al. v. Reichenbach, 10 S. & R. 90; Avery v. Steel, 6 Watts 246.

The sale was fraudulent and void: there were no bidders but the crier, who became the purchaser, at his own sale, for a grossly inadequate price; Ricketts & Stewart v. Unangst, 3 Harris 90; McMichael v. McDermott, 5 Id. 357; Crocker on Sheriffs, § 475; Chronister v. Bushey, 7 W. & S. 152; Musselman v. Eshelman, 10 Barr 394. See also Jackson v. McGinnis, 2 Harris 334, as to the distinction that the cases preserve. between actual and constructive fraud.

· The sale was an abuse of legal process: Wilson v. Ellis, 4 Casey 238; Cocker on Sheriffs, § 845. Trespass is the proper

remedy in such cases: 1 Chitty Pl. 179, 180; Hazard *v.* Israel, 1 Binn. 240; Kerr *v.* Sharp, 14 S. & R. 399.

Nothing could pass by such sale, except the interest of the parties named in the notice of sale. The sale of no other interest can be implied against the express terms of the notice, which named only John R. Smith and James Swires. This should have been submitted to the jury as a question of fact, which, if so found, would have rendered the sale void as to Anthony Swires: Hoffman *v.* Danner, 2 Harris 25; U. S. Dig. 334, pl. 890. See also McCormick *v.* Harvey, 9 Watts 482; Carpenter *v.* Cameron, 7 Watts 51; McClelland *v.* Herron, 4 Barr 68; McLaughlin *v.* Shields, 2 Jones 287. The Act of Congress under which this writ issued, adopts our practice in such cases.

3 and 4. The plaintiff was not in possession of any land claimed by Hoffman, when the action of ejectment was commenced or the writ served, and by the agreement on record the judgment was not to affect Swires; he was not, therefore, liable for costs: McCanna *v.* Johns, 7 Harris 438.

The only defendants named in the writ or endorsed upon it were James Ross and Thomas Ross, and it therefore did not justify the marshal and his assistants in seizing the property of the plaintiff. Beside this, Clark was a special deputy, and was not *sworn*, and therefore not qualified to act officially: Brightly's Dig. of U. S. Laws, tit. *Marshal*, §§ 1–5.

*R. L. Johnson*, for defendants.—Even if the sale were fraudulent and void, that alone would not make the marshal and his assistants trespassers.

But who was defrauded? There was a writ of *habere facias possessionem* and *fi. fa.* for costs issued, and put into the hands of the marshal, who executed the following deputation:—

"At the request of the plaintiff, I do hereby depute James S. Clark to execute this writ, and make return of the same.

"JAMES G. CAMPBELL, Marshal.
"May 14th 1867."

It was executed, and the following return made:—

"By virtue of the within writ, to me directed on the 20th of May 1857, I caused the within-named plaintiff to have possession of the tenements within mentioned, with the appurtenances, excepting the John Fisher tract. And I also caused to be levied of the goods and chattels of defendants, eighty thousand feet of lumber, and sold the same to Arthur Hill for $3.37 per thousand; who refusing to comply with the terms of the sale, the same is returned unsold for want of buyers. *And I also caused a portable saw-mill and lot of lumber to be levied on, and sold the same to John Brotherline, for twenty dollars,* he being the

highest and best bidder, and that the best price bidden for the same : and as to further goods and chattels, this writ is returned *nulla bona.* So answers

J. S. CLARK, Deputy Marshal."

Where is the fraud in this? But if there were, fraud is not trespass. In none of the cases cited by plaintiff on this point is the officer charged with trespass at all. They are all cases between parties and creditors, and have no bearing on the case now before us.

Anthony Swires, as well as James Swires and John R. Smith, was a defendant in the execution, though James Ross *and others* only were named in the writ. His property was therefore liable as theirs was to answer the writ. In advertising sales of personal property, it is not usual to name the defendants. Anthony knew all about this, for he was at the sale, and invited others to be present. Giving Anthony Swires the benefit of the Hoffman title does not relieve him from the burden of the costs, but if it did he has his remedy; but surely when the judgment and the execution are against him, the marshal and his assistants cannot be liable for levying upon and selling his property.

The opinion of the court was delivered by

WOODWARD, J.—This was an action of trespass against the deputy marshal and his assistants for seizing and selling a portable steam saw-mill of the plaintiff. The defendants justified under a writ of *hab. fac. poss.* and *fi. fa.*, issued out of the Circuit Court of the United States for the Western District of Pennsylvania, on a judgment in ejectment, obtained by Murray Hoffman, Jr., a citizen of the state of New York, against a large number of defendants, of whom the plaintiff was one. The levy on the mill was for the purpose of satisfying the costs of the judgment and execution. The mill was advertised as the property of James Swires and John R. Smith, two of the defendants in the writ; was exposed to sale by Brotherline, as crier, acting under the authority and in the presence of Clark, the deputy marshal, and after an adjournment of a week, was struck down by Brotherline to himself as the only bidder. When the judgment in ejectment was obtained by Hoffman, his attorney in fact, Edward Shoemaker, another of the present defendants, agreed in writing that the verdict should enure to the benefit of Anthony Swires and Samuel Henchy, in proportion to their respective interests in one of the several tracts of land for which the ejectment was brought.

Upon this state of facts the Court held the general judgment in ejectment in favour of Hoffman, and the execution issued thereon for costs, a justification of the defendants, and directed

a verdict for them accordingly. To this ruling several errors have been assigned, the first whereof is that the court ought to have submitted to the jury, in response to the plaintiff's fourth point, the facts therein recited, as strong evidence of fraud on the part of Brotherline, such as would avoid the sale and make him a trespasser.

The point was founded on the assumption that Brotherline acted at the sale as the assistant of deputy marshal Clark. The legal consequence of this fact is that he is entitled to the same protection from the writ which it·could afford to Clark. But it is argued that if he acted fraudulently, he forfeited the protection of the writ, and became a trespasser *ab initio.*

We see no evidence of fraud. The sale was duly advertised, and was made by open outcry in the presence of several bystanders, who were invited and urged to bid. The property was twice offered, at an interval of a week, and every opportunity given to purchasers which the situation and circumstances would permit. There was nothing in Brotherline's relation to Clark as his assistant, which made it unlawful, or indecent even, for him to cry the sale, for Clark might have cried it himself. Nor is there anything in the fact that he struck· down the property at the first bid, for it was the only bid he was able to obtain, after a full, patient, and repeated trial. Some of our public works have been sold at a single bid. There is nothing in such a circumstance which necessarily discredits a sale. If a single bid be taken, and no opportunity given for a second one, that would be fraudulent; but where only one bid can be obtained, one is enough to make a valid auction. But Brotherline himself was the bidder. That would be a discrediting circumstance if he had been intrusted with the conduct of the sale. Public officers and persons acting in fiduciary capacities, have, in general, no right to become buyers at their own sales. But Brotherline was the mere crier of this sale. It was conducted under the direction and in the presence of Clark, as the deputy marshal. It was his sale, not Brotherline's. Auctioneers do sometimes bid at their own sales, and when it is fairly and openly done, it tends to enhance the price, and is no ground for treating the sale as fraudulent, especially if the auctioneer have no interest in the property, and no responsibility except as mere auctioneer.

Nor was the inadequacy of the price any impeachment of the sale. Property lawfully exposed to public sale must take its chances. Courts having control of writs of execution, do sometimes treat gross inadequacy of price as a reason for setting aside sales of real estate, but personal property fairly advertised, fairly cried, and fairly knocked down, must go for what it will fetch. Assuredly the only bidder is not to be accounted guilty

[Swires *v.* Brotherline *et al.*]

of a fraud, because others were not venturous enough to outbid him.

The court were quite right, therefore, in refusing the instructions demanded. There was no evidence of fraud to submit to the jury. It is unnecessary to consider whether a fraudulent sale, had it been proved, would have entitled the plaintiff to sue in trespass, for his complaint of error on this head is sufficiently answered by the want of evidence of a fraudulent sale.

As to the second error, we do not think it of much importance that the property was advertised as the property of James Swires and John R. Smith, instead of Anthony Swires. All three were named in the execution, or in the slip of paper which accompanied it and which was made necessary by the insufficiency of the blank in the printed form to hold all the names. The marshal was commanded to make the costs out of the property of the defendants. The goods of any of them were seizable. He found the saw-mill in possession of Smith and of James Swires, the son of Anthony, and he naturally described it as their property. It was only a matter of description, and there was enough else to designate the article. None of the defendants were in doubt as to what was to be sold, and it was scarcely to be expected that the marshal should investigate the state of the title betwixt the father and son before proceeding with his writ.

The instructions of the court are the subject of the third error. We see no mistake in them. The court were clearly right in saying that the execution was a sufficient warrant for the conduct of the defendants, for such is the unquestioned law. And as to the agreement of Shoemaker with Swires and Henchy about part of the lands in suit, what was there in this to prevent the plaintiff from collecting the costs of his ejectment? The observation of the learned judge was pertinent and conclusive,—"that if the writ was issued by the plaintiff, in violation of the agreement, Swires has his remedy upon it." He might have added that it was no part of the marshal's duty to adjust the equities of the plaintiff under that agreement.

The judgment is affirmed.