## Stichler *versus* Malley.

1. Where miners and laborers make claim for wages, under the Act of April 9th 1872 and its supplements, notice in writing of the claims and the amounts thereof must be given to the sheriff, before the sale of the property, as required by the second section of said act.

2. The duty of proving that there was notice rests with the claimants, as it is a statutory pre-requisite to the enforcement of their claims.

3. Judgment in an amicable action for such wages and execution thereon are not such notice as is contemplated by the act.

March 18th 1881.   Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Appeal to the Court of Common Pleas of *Schuylkill county:* Of January Term 1880, No. 314.

Amicable action in debt and confession of judgment, wherein H. P. Stichler, trustee, was plaintiff, and Peter G. Malley defendant.

Malley was the owner of a leasehold estate with the right to mine coal and erect a breaker.   He employed in August 1878, and thereafter in the same year, various mechanics and material-men to furnish him with lumber, machinery, &c., for the erection of the breaker.   About the 1st of January 1879, he was in default in the

[Stichler v. Malley.]

payment of wages to his miners and laborers for the months of November and December 1878, as well as the amounts due on the mechanics' liens.  In the same month Malley confessed this judgment to Stichler, as trustee for the laborers and miners.  On this judgment an execution issued, and the lease and fixtures were sold and the proceeds paid into court and referred to an auditor, John A. Sullivan, Esq., for distribution.  Before him the mechanics' lien-creditors appeared, as well as the laborers and miners; the former contending that they were entitled to the fund in preference to the latter.  The auditor sustained this contention in his opinion, inter alia, saying:

" The auditor from the evidence adduced before him, and after a careful consideration of the Mechanics' Lien Law of 1836 and its supplements, and the law of 1872 and its supplement of 1874, giving a preference to the miners and laborers employed around the mines, and after a full examination of all the authorities submitted, is of the opinion that the wages of miners and laborers as represented by judgment to No. 164, March Term 1879, should be postponed until after the mechanics' liens are satisfied.  Had the miners and laborers given the proper notice to the sheriff before the sale in accordance with sect. 2, of the Act of 9th April 1872, it could not avail anything, inasmuch as the liens of the mechanics had attached to the leasehold estate and improvements from the commencement of the building, and therefore could not be prejudiced by subsequent liens or judgments."

Stichter excepted, but the court overruled the exceptions, whence this writ.

*D. B. Green, M. M. L' Velle* and *S. B. Fisher*, for appellants.— The Act of 1859, Pamph. L. 318, gave miners and laborers a preference over all other claims.  The Act of April 9th 1872, 2 Purd. Dig. 1464, confirmed the preference which had been given by previous laws.  It is true that under the 4th section of the Act of 1872, no lien by mortgage or judgment shall be effected by this preference: but this question cannot arise here, as the mechanics had acquired no such lien.  They were not recorded liens, and therefore not notice to any one of their existence or extent.  The judgment and execution were sufficient notice under the Act of 1872.

The fund in court arose from the sale of the leasehold estate, not from any separate sale of the improvements and fixtures entered upon the demised premises.  The mechanics and material-men claimed a lien not only against the improvements, but also against the leasehold.  It is submitted that under the decision of this court in St. Clair Coal Co. *v.* Martz, 2 Leg. Chron. 89, they are entitled to no lien against the whole leasehold estate.

[Stichler *v.* Malley.]

*D. C. Henning,* for appellees.—Notice of these mechanics' claims was given at the sheriff's sale of the property, which occurred within six months from the time when the materials were furnished and the work done, as claimed by the mechanics' lien-creditors; and as the lien is created by the statute to take effect from the time the improvements are made, and as the filing or entering of the claim is but a means of continuing the lien already acquired, it must follow that if actual notice of the lien be given at the time of sale so as to have creditors and purchasers informed, the status of the lien-creditor must be just the same as if his lien had been filed and recorded: Yearsley *v.* Flanigan, 10 Harris 491. By the 2d section of the Act 9th April 1872, it is provided that, "In all cases of executions * * * and writs of a similar nature hereafter to be issued against any person * * * it shall be lawful for such miners * * * to give notice in writing of their claim or claims and the amount thereof; to the officers executing either of such writs at any time before the actual sale of the property levied on" * * * &c. : 2 Purd. Dig. p. 1464; First National Bank *v.* L. & M. Childs, 2 Foster's Leg. Chron. 199. No such notice was given.

Mr. Justice GREEN delivered the opinion of the court, May 3d 1880.

It does not appear that any notice in writing of the claims of the appellants, and of the amount thereof, was given to the sheriff at any time before the sale of the property levied on, as is required by the second section of the Act of 9th April 1872. The auditor practically finds that no such notice was given, and there is nothing on the record to show that he was in error in that finding. The duty of proving that there was such notice rests upon the appellants, as it is a statutory pre-requisite to the enforcement of their claims. The notice contained in the amicable action upon which the judgment was entered, is no notice to the officer executing the writ. That paper would be lodged in the prothonotary's office, where it would remain, and there would be neither certainty nor probability of its being seen by the sheriff. There is no proof that in point of fact he ever did see it. The appellants have therefore failed to establish the validity of their claims as liens upon the fund for wages of labor due them, under the act. As a mere judgment their claim is subsequent to the mechanics' liens, to which the fund was distributed, and the levy and sale by execution under that judgment does not help the claim as against those liens. The objection to the latter that they are filed against the leasehold as well as the improvements, we can not determine because there is no evidence on the record upon that subject. We can not say, therefore, that they are not entitled to the money which has been awarded to them by the auditor.

Decree affirmed, and appeal dismissed at the cost of the appellant.