The Media Title & Trust Company, Appellant, *v.* Mary Kelly, Widow, Charles Walter Kelly and John S. Dougherty.

| 185 | 131 |
| 192 | 460 |
| 185 | 131 |
| 199 | 418 |
| 185 | 131 |
| e208 | ²231 |

*Sheriff's sale—Setting aside sheriff's sale—Confirmation of sale—Inadequacy of price.*

A sheriff's sale will not be set aside for mere inadequacy of price.

The delivery of a sheriff's deed, after it has been properly acknowledged, the sale confirmed and the purchase money paid, vests the title in the purchaser. If any fraud has been committed upon the defendant in the execution, his remedy is either by an action of ejectment or by a bill in equity, and the court has no power, upon a rule to show cause, to set aside the sale and compel the purchaser to deliver up the deed to be canceled because part of the land has been subdivided into building lots and part contains a valuable stone quarry, neither of which was mentioned in the advertisement, and the advertisement did not comply with the law, and the price was grossly inadequate.

On an appeal from an order setting aside a sheriff's sale, where the record does not disclose any special order fixing a day for the acknowledgment of sheriff's deeds, but it is not alleged that there was no such order, the Supreme Court will presume that the court below acted rightly and strictly in accordance with its own rule in the matter of the acknowledgment of the deed.

Argued Feb. 11, 1898. Appeal, No. 16, Jan. T., 1898, by plaintiff, from order of C. P. Delaware Co., June T., 1896, No. 87, setting aside sheriff's sale. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to set aside sheriff's sale.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute the rule to set aside sheriff's sale.

*V. Gilpin Robinson*, with him *Horace P. Green*, for appellant.—After the acknowledgment of a sheriff's deed, the sheriff's sale will not be set aside for mere inadequacy of price. There must be a point of time when irregularities are cured, and the law fixes the acknowledgment of the sheriff's deed as that time : Cooper v. Wilson, 96 Pa. 409.

The delivery of the deed by the sheriff after it has been properly acknowledged, the sale confirmed, and the purchase money paid, vests the title in the purchaser. It is a good title until it is proved that he procured it by fraud upon the defendant in the execution. This must be done either in an action of ejectment or by a bill in equity: Evans v. Maury, 112 Pa. 301.

Mere inadequacy of price, without more, is not sufficient ground to set aside a sheriff's sale: Cake v. Cake, 156 Pa. 47; Hollister v. Vanderlin, 165 Pa. 249; Felton v. Felton, 175 Pa. 44; Long v. Miller, 10 Pa. C. C. R. 586; Fidelity Ins., etc., Co. v. Byrnes, 166 Pa. 498; Morse v. Freck, 7 Pa. C. C. R. 456; Johnson v. Johnson, 7 Lanc. Law Rev. 332.

*John E. McDonough,* for appellee.—It is respectfully submitted that, so far as the merits of this application were concerned, it was a matter in the discretion of the court below, and, under the following authorities, if that discretion was exercised in a proper manner this Court will not disturb the lower court's decree: Fidelity, etc., Co. v. Byrnes, 166 Pa. 498; Ritter v. Getz, 161 Pa. 648.

A lumping sale of real estate will be set aside, unless it forms a clear exception to the general rule, which in Pennsylvania is, that lots of ground, houses, etc., should be sold separately: Vastine v. Fury, 2 S. & R. 426; Ryerson v. Nicholson, 2 Yeates, 516; Tate v. Carberry, 1 Phila. 133; Thomas v. Curren, 6 W. N. C. 432; Baker v. Chester Gas Co., 73 Pa. 117; Newman v. Callahan, 1 T. & H. Prac. 1255; Whitaker v. Birkey, 33 Leg. Int. 139.

Inadequacy of price accompanied by any other matter of equity is ground for setting aside a sale: Germer v. Ensign, 155 Pa. 464; Whitaker v. Birkey, 33 Legal Int. 139; Twells v. Conrad, 2 W. N. C. 30; Ellis v. Bliem, 2 W. N. C. 290.

Each court is the best judge of its own rules, and the Supreme Court will not reverse for a construction of them which is not palpably erroneous: Frank v. Colhoun, 59 Pa. 381; Coleman v. Nantz, 63 Pa. 178; Kountz v. Oil Co., 72 Pa. 392; Gannon v. Fritz, 79 Pa. 303.

The appellant complains that there should have been terms for the decree. This was in the discretion of the court, and in that respect this is exactly like Ritter v. Getz, 161 Pa. 648.

OPINION BY MR. JUSTICE GREEN, March 21, 1898:

This is an appeal from an order of the court below setting aside a sheriff's sale of lands of the defendants. The sale was made on July 3, 1897. On July 6, 1897, the sheriff's deed was duly acknowledged in open court and was delivered to the purchaser. The whole of the purchase money was paid by the purchaser prior to the acknowledgment of the deed, partly in cash and partly by the proper receipt of the purchaser as first lien creditor on the sheriff's docket. On July 13, 1897, the defendants in the execution presented a petition to the court below to have the sale set aside, and November 3, following, the rule to set aside the sale was made absolute. On November 8, the plaintiff presented a petition to have the order setting aside the sale revoked, and on January 7, the court filed a modified order vacating the record of the acknowledgement and delivery of the deed, and directing the deed to be delivered up for cancelation, the refunding of the hand money paid by the plaintiff as purchaser, and discharging the rule for the revocation of the decree made November 3, 1897.

The exceptions to the sheriff's sale were that a large portion of the land in question, a tract of seventy-one acres, had been subdivided into streets and building lots ; that the part not subdivided contained a valuable stone quarry, and that neither the subdivision into lots nor the stone quarry was mentioned in the advertisement of the sale. It was also objected that the sale was not advertised as required by law, and that the price realized at the sale was grossly inadequate, but no offer of any higher price was made. The court below without filing any opinion made absolute the rule to set aside the sale and the question is whether there was error in this ruling. The appellant contends that it was too late to set aside the sale for irregularities or inadequacy of price after the acknowledgment and delivery of the sheriff's deed. The rule upon this subject seems to be very well settled. Thus in Cooper v. Wilson, 96 Pa. 409, which we regarded as an extremely hard case, and would have relieved if it were possible to do so, we said, "It is a familiar principle that a sheriff's sale will not be set aside for mere inadequacy of price : Weitzell v. Fry, 4 Dall. 218 ; Carson's Sale, 6 Watts, 140 ; Swires v. Brotherline, 41 Pa. 135. It is true in a clear case of inadequacy of price the court will seize hold of

a slight irregularity to set aside the sale. But mere irregularities are cured by the acknowledgment of the sheriff's deed: Crowell v. McConkey, 5 Pa. 168; Spragg v. Shriver, 25 Pa. 282; Shields v. Miltenberger, 14 Pa. 76. . . . We have no doubt that relief might have been granted for the misdescription, had an application been made in proper time. But it was too late after acknowledgment and delivery of the deed and payment of the purchase money. There must be a point of time when such irregularities are cured. The law fixes the acknowledgment of the sheriff's deed as that time. Were we to relax this rule we might imperil titles."

In Evans v. Maury, 112 Pa. 300, which was a case of alleged fraud upon the defendant in the execution, we held that, after a sheriff's sale has been confirmed, the purchase money paid, the deed acknowledged, recorded and delivered to the purchaser, and possession of the premises taken by him, the court has no power, upon a rule to show cause, to set aside the sale and compel the purchaser to deliver up the deed to be canceled. The delivery of the deed by the sheriff, after it has been properly acknowledged, the sale confirmed and the purchase money paid, vests the title in the purchaser. It is a good title until it is proved that he procured it by fraud upon the defendant in the execution. This must be done either in an action of ejectment or by bill in equity.

In both the foregoing cases the sale was set aside by the court below, but the orders were reversed by this Court.

It is contended by the appellees that the record does not disclose any special order of the court fixing July 6, 1897, as a day for the acknowledgment of deeds, and hence the acknowledgment in this case was void. It is not claimed that there was no such order, but only that the record does not disclose it. It is only necessary to say that this contention entirely ignores the rule, omnia præsumuntur esse rite acta, and hence is entitled to no consideration. Certainly it must be presumed in the absence of evidence to the contrary that, in so important a matter as the acknowledgment of sheriff's deeds, to be done formally in open court, and upon which the titles to all lands sold by the sheriff depend, the court acted rightly and strictly in accordance with its own rules. This point does not appear to have been made in the court below, and hence the necessity of

being prepared with proof on this subject was not apparent to the appellant. But as no proof is required to show that the court obeyed its own rules, the proposition that it did not do so would require much more proof than the mere assertion of counsel that the record did not disclose it affirmatively. However, the counsel for the appellant has furnished us with the official certificate of the prothonotary of the court below, by which it appears that on June 21, 1897, the court did make a formal order for the holding of a court on July 6, following, for the acknowledgment of sheriff's deeds, the confirmation of accounts and the transaction of miscellaneous business. The certificate further shows that on July 6, named in the order, the sheriff appeared in open court and acknowledged fifteen deeds for as many different properties, among which was the deed in question in this case. It would be useless therefore to entertain the suggestion made by counsel for the appellees that the record does not disclose the fact, when in truth it does make that disclosure. We cannot discover any sufficient reason for setting aside the sale in this case and, therefore, sustain the assignments of error.

The order of November 3, 1897, making absolute the rule to set aside the sheriff's sale, and the order of January 7, 1898, vacating the record of the acknowledgment and delivery of the sheriff's deed, and directing that the same should be surrendered for cancelation, are reversed and set aside at the cost of the appellees.