# Mould *v.* Mould (No. 1).

*Receivers—Sale—Wage claims—Notice—Execution.*

A sale by a receiver under a decree of court is, in effect, under execution process, and wage claimants lose their right of preference by failing to give notice prior to the sale.

Argued April 27, 1905. Appeal, No. 249, April T., 1905, by H. C. Frick, from order of C. P. No. 1, Allegheny Co., March T., 1904, No. 67, sustaining exceptions to auditor's report in case of Henry S. Mould v. Henry S. Mould Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to auditor's report discharging wages claims.

The auditor, G. W. Williams, Esq., reported, inter alia, as follows:

It has been found as a fact, that no notice was given to the receiver of these wage claims.

That such notice is requisite in cases of sale on execution process is well settled: Allison v. Johnson, 92 Pa. 314; Pardee's Appeal, 100 Pa. 408 ; Adamson's Appeal, 110 Pa. 459.

But counsel for the bank contend that notice in the present case is not necessary, and that such notice is only required to be given to the officer conducting the sale when the sale in question is made by virtue of executions, and that it does not apply where a sale is made by an assignee or receiver.

And they cite in support of this contention McCleaster's Assignment, 3 Pa. Dist. Rep. 607; McCleaster's Assigned Estate, 15 Pa. C. C. R. 121.

In the above-cited case, the court held that notice was not required to be given to an assignee for the benefit of creditors, that the provision as to notice related solely to sales upon execution, and that the statute ought not to receive a judicial construction extending the provisions as to notice.

From the reasoning of the learned judge who decided that case, it might possibly be distinguished from the present case, as it would seem from his opinion that the only claimants there who were before the court were wage claimants. But it is not of practical utility to discuss that question, for the reason that the Supreme Court has expressly held that the provisions of the statute do apply in cases of voluntary assignment.    See Hall's Estate, 148 Pa. 121.

It is difficult to see why the same principle of construction does not bring within the terms of the statute a sale by a receiver, and especially so as Hall's estate appears to have been ruled upon the ground that a sale by an assignee for the benefit of creditors is a judicial sale.

So is a sale by a receiver.

And the reasons for giving such notice apply as forcibly to a receiver's sale as to an assignee's sale.

In the case above cited, it was said by the auditor:

" The real object of the notice is to inform others of the existence of the lien, that they may know how to protect themselves.    It is not sufficient to put them on inquiry only."

Judge BUTLER, of Chester county, has very clearly stated the reasons why notice is required.    He says :

As before stated, the object is to inform others of the existence of the lien, that they may know how to protect them-

selves.   It is not sufficient to put them on inquiry, as was argued.   Such inquiry would be troublesome and uncertain in its results.   Claiming a preference, the laborer must comply with the provisions on which it is allowed : Graham v. McLean & Bennor Mach. Co., 1 Chester Co. Rep. 73.

The auditor is therefore of opinion that it was incumbent on the First National Bank to have given notice to the receiver in due form, as prescribed by the courts in the cases previously cited, and that not having so done, the assignments fail as preferred claims.

. The fact that Mr. Allison, the receiver, knew of the existence of these claims when he was an officer of the company, and of the then intention of the bank to assert them as preferred claims, does not cure the defect of lack of notice, as the object of notice is not primarily for the information of the receiver, but for the protection of other creditors.

Exceptions to the auditor's report were sustained by the court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*William Watson Smith,* for appellant.—The term " execution " is undoubtedly broad enough to cover the sale of the assets of an insolvent corporation by a receiver under a decree of a court of equity:   Morgan v. Moody, 6 W. & S. 333 ; Davis v. Gray, 83 U. S. 203 ; Hunt v. Wolfe, 2 Daly, 298 ; Wood v. Carriage Co., 49 N. J. Eq. 433 (24 Atl. Repr. 228) ; Hatch v. Van Dervoort, 54 N. J. Eq. 511 (34 Atl. Repr. 938) ; Heckel v. Klein, 137 Mo. 673 (39 S. W. Repr. 272) ; Lane v. Hotel Co., 190 Pa. 230.

Wage claimants are required to give notice in order to obtain a preference upon the proceeds of the sale of the property of an insolvent corporation by a receiver under order of court: Wilkinson v. Patton, 162 Pa. 12 ; Davis v. Gray, 83 U. S. 203 ; Morgan v. Moody, 6 W. & S. 333 ; Heckel v. Klein, 137 Mo. 673 (39 S. W. Repr. 272) ; Adamson's App., 110 Pa. 459 ; Lane v. Hotel Co., 190 Pa. 230 ; Riddlesburg Coal & Iron Co.'s App., 114 Pa. 58.

*James S. Crawford,* of *Patterson, Sterrett & Acheson,* for

appellee.—In cases of receivers' sales, formal notice to the receiver is not essential to entitle wage claimants to a preference upon the proceeds of the sale: Hall's Est., 148 Pa. 121; Riddlesburg Coal & Iron Co.'s App., 114 Pa. 58; McCleaster's Assignment; 3 Pa. Dist. Rep. 607.

OPINION BY MORRISON, J., July 13, 1905:

This is a contest over the distribution of the proceeds of the sale of personal property by a receiver, under the decree of the court. There are four classes of claimants: 1. The assignee of certain wage claimants contending for a preference against the entire fund, and its claims, if preferred, will take the entire fund. 2. Landlord's claims for rent. 3. A claim under and by virtue of a certain foreign attachment. 4. General creditors who claim pro rata out of the fund for distribution.

The learned auditor, upon careful and elaborate findings of fact, conclusions of law and citations of authorities, held that the wage claims were not entitled to preference because of the want of notice, given prior to the sale, as required by the Act of assembly of April 9, 1872, P. L. 47, and the supplements thereto. And he, therefore, distributed the money, first, to the payment of the rent claims and then pro rata to all of the remaining creditors.

The learned court below sustained the exceptions to the auditor's report and entered a decree in favor of the assignee of the wage claims and this decree gives rise to the following exceptions: 1. " The court erred in holding as follows ": " We do not, however, agree with the auditor that a notice by a wage claimant is necessary in case of a receivership." 2. " The court erred in holding as follows " : " We are of opinion that the assignee of the wage claims is entitled to preference and that the exceptions of the First National Bank with reference thereto, must be sustained." 3. " The court erred in not holding the claim of H. C. Frick to be a preferred claim upon the fund in the sum of $386.87." 4. " The court erred in not holding that H. C. Frick was entitled to the sum of $6.58 as a general creditor."

A careful consideration of the findings of fact, conclusions of law and reasons given by the auditor, and the opinion of the learned court below, inclines us to the opinion that the learned

auditor reached a correct conclusion and that the learned court erred in sustaining the exceptions to the auditor's report and in awarding the fund to the assignee of the wage claims. The auditor has so fully covered the ground in his report that we do not think it necessary or profitable to discuss the case or review the authorities. In our opinion the sale by a receiver, under the decree of the court, is, in effect, under execution process and that wage claimants lose their right of preference by failing to give notice prior to the sale.

The assignments of error are sustained and the decree ·is reversed, and it is now· ordered and decreed that the fund be distributed in accordance with the schedule prepared and· attached by the learned auditor to his report. And it is further ordered that the appellee pay the costs of this appeal.