# Green, Appellant, *v.* Ineson.

*Wages—Notice of claim—Sheriff's sale—Lien.*

Where a wage claimant has his notice prepared and takes it with him to a sheriff's sale, but withholds it until after a considerable part of the property has been sold, he loses his preference in the distribution of the fund created by the sale, over a junior creditor who had no knowledge at the time of the sale that there was a claim for wages; and in such a case the claimant loses his preference, even as to the proceeds of the sale of the property that was made after he gave his notice.

Argued April 11, 1910. Appeal, No. 135, April T., 1910, by plaintiff, from order of C. P. Warren Co., Sept. T., 1909, No. 33, in suit of J. G. Green v. G. F. Ineson et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Exceptions to report of C. E. Bordwell, Esq., auditor. From the record it appeared that W. L. Luther had a

448 GREEN, Appellant, *v.* INESON.

Statement of Facts—Opinion of the Court. [43 Pa. Superior Ct.

wage claim against the defendants for $90.00, but at the sheriff's sale he did not announce this claim until the proceeds of the sale had reached to $75.00 or $100.

The total proceeds of the sale was $211.10. The plaintiff in the judgment and in the execution was J. G. Green, who had secured a judgment for rent amounting to $100. The auditor awarded Luther the amount of his claim.

Exceptions to the auditor's report were dismissed by the court in an opinion by Wm. E. Rice, P. J.

*Errors assigned* were in dismissing exceptions to auditor's report.

*D. U. Arird,* for appellant.—The wage claimants lose their right of preference by failing to give notice prior to the sale: Mould v. Mould, 28 Pa. Superior Ct. 318; Corry Bank v. Childs, 10 Phila. 452; Timmes v. Metz, 156 Pa. 384; Esterley's App., 54 Pa. 192; Womelsdorf v. Heifner, 104 Pa. 1; Adamson's App., 110 Pa. 459.

*Curtis M. Shawkey,* for appellee:

OPINION BY RICE, P. J., July 20, 1910:

The Act of April 9, 1872, P. L. 47, which gives a lien for wages due to certain classes of persons and authorizes payment of the same up to $200 out of the proceeds of a judicial sale of the employer's property, provides as to the notice to be given by the wage claimant; that it shall be in writing and be given to the officer executing the writ "at any time before the actual sale of the property levied on." If the notice be given after the sale it is too late: Allison v. Johnson, 92 Pa. 314. The duty of proving that there was notice rests with the claimant, as it is a statutory prerequisite to the enforcement of his claim: Stichler v. Malley, 94 Pa. 82. A sale by a receiver, under a decree of court, is in effect under execution process, and wage claimants lose their right of preference by failing to give notice prior to the sale: Mould v. Mould, 28 Pa. Su-

perior Ct. 318. We cite this case as bearing upon the question as to the time when the notice must be given. The law under which the appellee claims is a species of class legislation, and it is not unreasonable to require that all the facts necessary to bring his claim within the provisions of the act should be stated in the notice he is required to give: Adamson's Appeal, 110 Pa. 459. In that case it was said by Justice STERRETT: "This is not only reasonable, but essentially necessary in order that the officer, as well as execution creditors and others interested, may act understandingly." So, in Timmes v. Metz, 156 Pa. 384, it was said: "These notices therefore should be such as would indicate to the officer and those interested the sum due before the sale, the limit of time as to work done, the business defined by the acts, and the property subject to the lien." The purpose of the requirement of notice being not merely to inform the sheriff how to distribute the fund, but to give execution creditors and others interested, such information as will enable them to act understandingly for their own protection, it is essential that the notice be given before the sale begins. In order that the execution creditor or other person interested may regulate his bidding understandingly, it is of the highest importance that a preferred lien, theretofore secret, should be made known before the bidding begins. In the present case there were not two distinct sales under one writ, but only one sale, although the articles levied on were sold separately. Nor are there any reasons given why the appellee did not deliver the notice to the sheriff before the sale began. According to his own testimony, he had his notice prepared and took it with him to the sale and was there long enough before to present it in due season. By withholding it until after a considerable part of the property had been sold the appellant, who did not know until that time that there was a claim for wages, lost the opportunity of increasing the fund by bidding higher on that property. Having regard to the spirit as well as to the letter of the law, we conclude that the appellee lost

his preference, even as to the proceeds of the sale of the property that was made after the notice was given, by failing to give notice in due season. This conclusion does not surround the claimant for wages with technical and difficult conditions, as is suggested in the appellee's brief of argument, but is based on a reasonable construction of the statute, which fully protects the rights of all parties.

The decree is reversed at the costs of W. L. Luther, the appellee, and the record is remitted to the court below with direction to make distribution in accordance with the foregoing opinion.