## In re DONALD SHOE CO.

(District Court, E. D. Pennsylvania. July 10, 1924.)

### No. 2689.

1. **Corporations** ⊜ₒ565(3)—**Pennsylvania statute regarding liens of employees and notice held to apply to sale of assets under decree in equity.**

Act Pa. April 9, 1872, § 2 (P. L. 47; Pa. St. 1920, § 21488), relating to liens of employees for wages, though referring to executions, covers sale of assets of an insolvent corporation by receiver under decree of court of equity, and notice of lien claim in such case must be given to receiver.

2. **Corporations** ⊜ₒ565(3)—**Sufficiency of notice of lien claims by employees for wages in Pennsylvania.**

Notice of claim of wages by employee to receiver of insolvent corporation before sale of assets would be sufficient under Act Pa. April 9, 1872 (P. L. 47), as amended by Act June 13, 1883 (P. L. 117), and Act May 2, 1891 (P. L. 54; Pa. St. 1920, § 21488), if it were given in writing prior to sale, and identified claim as to a lien or priority, and if it contained such statement as to inform receiver and other creditors that services rendered were within statutory period, amount thereof, and nature of employment, and it was not necessary that it state business of employer, nor describe property to be sold; it appearing that property sold was all personal property of insolvent, and not real estate and there being no conflict with other liens.

3. **Corporations** ⊜ₒ565(3)—**Notice of lien claims in Pennsylvania must be in writing and precede sale by receiver.**

Notice of lien claims by employees of insolvent corporation must be in writing and must precede sale by receiver, under Act April 9, 1872 (P. L. 47), as amended by Act June 13, 1883 (P. L. 117), and Act May 2, 1891 (P. L. 54; Pa. St. 1920, § 21488).

In Equity. Suit by F. E. Donald Company against the Donald Shoe Company. On exceptions to master's report on wage claims of Barnitz and others. Exceptions dismissed, and report confirmed.

Maurice W. Sloan, of Philadelphia, Pa., for receiver.

Harry Polish, Frank A. Moorshead, both of Philadelphia, Pa., for exceptants.

THOMPSON, District Judge. The wage claims which are the subject of the exceptions filed to the master's report are asserted under the provisions of the Act of May 12, 1891 (P. L. 54), amending the Act of June 13, 1883 (P. L. 117), which act is an amendment of the

Act of April 9, 1872 (P. L. 47; Pa. St. 1920, § 21488). The act as amended makes wages due for labor and services rendered by the classes of employees therein named for a period not exceeding six months immediately preceding the sale, on account of death or insolvency, of the property connected with carrying on the business of the employer, a lien upon the property so used, and provides that they shall be preferred and first paid out of the proceeds of the sale.

The amendatory act enlarges the prior amendatory Act of June 13, 1883, so as to extend its benefits to all tradesmen hired for wages or salaries at so much per diem or otherwise, and provides, further, that no such claim shall be a lien upon any real estate, unless the same be filed in the prothonotary's office in the county in which such real estate is situated within three months after the same becomes due or owing, in the same manner as mechanics' liens are filed.

[1, 2] Section 2 of the Act of April 9, 1872, requires notice in writing to be given by wage claimants of their claims and the amount thereof to the officers executing writs of sale at any time before the actual sale of the property levied on. While section 2 refers to executions, it has been construed to cover the sale of the assets of an insolvent corporation by a receiver under a decree of a court of equity. Mould v. Mould (No. 1) 28 Pa. Super. Ct. 318. And the notice in such case must be given to the receiver. Wilkinson v. Patton, 162 Pa. 12, 29 Atl. 293. The purpose of the act is well stated in the opinion of Mr. Justice Thompson in Timmes v. Metz, 156 Pa. 384, at page 394, 27 Atl. 248, 249:

"The purpose of these acts is to protect from loss, in case financial disaster occurs to employers, a large class of persons whose dependence upon their earnings for their support and maintenance renders their loss even for a short time a matter of serious import. With the struggle for livelihood intensified by the progressive movements of civilized life, such legislation necessarily has its foundation in a humanity that would aid the weak, and consequently should not be restricted in its operation by requiring the highest degree of precision in the notice to be given to secure its benefits. These notices therefore should be such as would indicate to the officer and those interested the sum due before sale, the limit of time as to work done, the business defined by the acts, and the property subject to the lien. Allison v. Johnson, 92 Pa. 316; Adamson's Appeal, 110 Pa. 462."

In the present case the property sold included all of the personal property of the insolvent corporation. The fund does not include any amount derived from sale of real estate. There are no facts to show that the wage claims come in conflict with any other liens. While there have been many cases in Pennsylvania determining what shall be included in the notice, the essential requirement is, no doubt, sufficient certainty as applied to the circumstances of each case. Under section 3 of the act of 1872, in the case of insolvency of a chartered company, the lien extends to every property of the chartered company, subject, however, to the like limitations and powers contained in the first section of the act, and the amendatory act of 1891, amending the first section, extends its provisions to all tradesmen hired for wage or salary.

In the present case, therefore, I think the notice would be sufficient if it were given in writing to the receiver prior to the sale and identi-

fied the claim as to a lien or priority, and if it contained such statements as to inform the receiver and other creditors that the services rendered were within the statutory period, the amount thereof, and the nature of the employment. The purposes of the acts are for the protection of the wage claimants, and, though in derogation of the common-law rights of other parties, should not be so strictly construed as to unreasonably deprive the wage claimant of the advantages intended to be extended to him, by reason of his failure to set out what could be of no service to any one in determining whether he is, on the face of his notice, entitled to the priority. I do not think, therefore, it is necessary that the notices should state what the business of the Donald Shoe Company was, nor describe the property to be sold. It is necessary, however, that the notice be in writing and contain all the essential elements of the claim, without supplying that wherein it is deficient by oral testimony.

[3] While the learned master applied in some respects stricter rules regarding the contents of the notices of wage claims than appears to be necessary in the present case, yet none of the written notices are sufficiently specific to come within the more liberal rule, which, in my opinion, includes all that is reasonably required under the statutes. As to the claims not presented prior to sale, or those not accompanied by notice in writing, they have no standing whatever.

As to all the wage claimants, they have failed to establish their right to priority, and the exceptions to the master's report are therefore dismissed, and the report confirmed.