## Seechrist *against* Baskin.

A party who claims title to land through a sale by the sheriff must show the authority upon which such sale was made: and it is not sufficient that authority to the predecessor of the sheriff who conveys be shown, unless it be accompanied by the record of the special order of the court, founded on the statute authorizing the sheriff's successor to convey. The existence of such an order is not to be inferred from the acknowledgment of the deed by the succeeding sheriff.

The mode of authentication prescribed for a sheriff's deed is not such as to bring it within the purview of the recording Acts: and an exemplification of such a record of it will not be received in evidence.

ERROR to the Common Pleas of *Union* county.

This was an action of ejectment for a tract of land, by John Baskin and John Snyder against Michael Seechrist.

The plaintiffs, after showing title in Joseph Vangundy, gave in evidence a mortgage from him to the executors of Hannah Lethgo deceased; a *scire facias* and judgment on the mortgage, and a *levari facias* and sale to Arabella Young, who was executrix of Hannah Lethgo deceased, by Martin Withington, Esq., then high sheriff, in August 1791. They then offered in evidence a certified copy of the acknowledgment of a sheriff's deed, dated 29th August 1804, to Patrick Goulding, by Andrew Albright, high sheriff of Northumberland county, which recited the judgment on the mortgage, *levari facias* and sale by Martin Withington, sheriff, in 1791, but did not recite any petition or order of the court by which Andrew Albright, sheriff, made the deed, nor why it was made to Patrick Goulding. The plaintiff also proved that diligent search had been made for the original deed, and that it could not be found; and also that diligent search had been made among the records, and that no petition or order of the court had been found, authorizing the successor of the sheriff who sold, to make the deed.

The defendant objected to the evidence because of these irregularities; but the court was of opinion that after so great a lapse of time, all things should be presumed to have been rightly done, and admitted the deed in evidence. The defendant excepted.

The plaintiff then offered in evidence a certified copy of the sheriff's deed from the Recorder's Office of Northumberland county. The defendant objected on the ground that there was no such authentication of the deed as authorized its being recorded. The court admitted the evidence and sealed an exception.

*Greenough*, for plaintiff in error, referred to the Act of 23d March 1764, which prescribes the only proceeding by which a

[Seechrist v. Baskin.]

sheriff is authorized to make a deed for land sold by his predecessor, and argued that the sheriff who made the deed was an entire stranger to the sale, and could have no authority, unless he derived it from the statute: his deed, therefore, conferred no title upon the grantee. It follows necessarily that no exemplification of it could be better than the original, if produced; but he contended that there was no authority, by law, for recording a sheriff's deed in the Recorder's Office. 1 *Dall.* 68.

*Miller* and *Jordan*, contra, argued that after so great a lapse of time, it should be presumed that all things were rightly done; and cited 1 *Serg. & Rawle* 96; 6 *Watts* 298; 6 *Binn.* 416; 4 *Whart.* 291; 2 *Peters* 217; also the Acts of 1715, sect. 2, and the Act of 1775, which, they contended, authorized the recording of sheriffs' deeds.

The opinion of the Court was delivered by

GIBSON, C. J.—The sheriff is a stranger to the title of property sold by him; and parties who claim through a sale by him, must show an authority for his conveyance. What authority has there been shown for it in this case? The judgment, *levari facias* and sale, authorized the sheriff who sold, to convey to the purchaser; but not his successor to convey to the purchaser or a stranger. Nothing could do that but a special order of the court, founded on the statute, made upon proper premises, and duly set forth in the record of the proceeding; but such an order, or the petition on which it is supposed to have been founded, is not set forth in the record before us. Its existence is alleged to be inferable from the memorandum of acknowledgment, on the foot of the maxim, that all things are presumed to have been rightly done in a court of record. But such a presumption arises only between the parties to the proceeding: never between a party and a stranger. A sheriff, defending himself against an action for seizing goods in the hands of one who claimed them adversely to the execution, and alleging that the possessor had received them fraudulently from the debtor, has been required to produce the judgment as well as the execution; for though the existence of a judgment may be inferred from a *fieri facias* as between the parties to the suit, it cannot be inferred against any one else. Such is the rule of *Martin* v. *Prodger*, (5 *Burr.* 2642); *Lake* v. *Billiers*, (1 *Ld. Raym.* 733); and *Acworth* v. *Kempe*, (1 *Doug.* 40). Here the defendant, resting, as he did, on possession alone, was a stranger to the proceeding; and consequently no presumption of an order, which was neither more nor less than a judgment, was to be made against him. If it could have been supplied from the record of acknowledgment, the judgment, execution, and inquisition also, could have been supplied from it. In the case before us, the production of the petition, or at least the order, was the more indispensable

[Seechrist v. Baskin.]

as the deed was made to Goulding, who, for aught that appears, was a stranger to the purchase.   We are told that he had intermarried with the purchaser; but that, if true, gave him no right to receive a conveyance of her land. , It would be mischievous to apply the maxim to such a case as this, knowing, as we do, that the acknowledgment of a sheriff's deed is suffered to pass without examination as the formal completion of the title, and as curing nothing but irregularities in the manner of the sale.   It is certainly to be lamented that the stupidity of a prothonotary should mar a purchaser's title; but our cherished principle of rotation excludes experience from office, and all that is left to a party aggrieved by it, is his remedy by action.

Nor had the sheriff's deed become competent evidence under the statute by virtue of the recorder's certificate.   That the authentication prescribed for it is acknowledgment before the court, and not before a magistrate, shows that it is not within the purview of the recording laws. .It is argued that the acknowledgment is before a Judge, when it is before all the Judges who compose a court.   It is certified, however, not according to the requisition of those laws, by a Judge as the act of a magistrate, but by the prothonotary as the act of a body; and the caption is different.   What statute authorizes a recorder to act on the certificate of a prothonotary?   If a sheriff's deed might thus be authenticated, an affidavit of the subscribing witnesses would also give it effect, by entitling it to entry of record.   But it is a link in a chain of judicial proceedings; and being already of record, it would be as useless to record it over again, for purposes of notice, as it would be to record the other proceedings in the action.   It would occasion perplexity and uncertainty, if purchasers were bound to resort to different offices, as independent sources of information, instead of but one.   Such a deed might be beneficially recorded for purposes of preservation; but to authorize it, would require a statute.   The recording Acts, however, give no more effect to an exemplification, than common law proof of execution would give to the original.   They dispense with every other act of authentication than the certificate of the magistrate, or the affidavit of the subscribing witnesses; but they certainly do not make an attested copy competent where the original would not be so.   The deed before us did not fill the gap in the plaintiff's title; and, on both grounds, it ought to have been excluded. .

Judgment reversed, and *venire de novo* awarded.