## Cock *versus* Thornton et al.

1. After acknowledgment of a sheriff's deed, the validity of the purchaser's title cannot be questioned in any collateral proceeding involving the title, except for absence of authority or presence of fraud.

2. In an action of ejectment a sheriff's deed, which was in the line of the plaintiff's title, was offered in evidence and objected to on the grounds that the writ of vend. ex., upon which the sale was made, had never been returned by the sheriff; that the purchase money had never been paid in full, and that the sheriff's deed made pursuant to the sale had never been delivered:

*Held*, that the first two grounds of objection were wholly dependent on the third, and if the deed had been properly executed, regularly ac-

knowledged and actually delivered, the first two objections would not affect the purchaser's title.

3. The evidence showed that there was a valid judgment; a regular writ of fi. fa.; a levy and condemnation of the land, and a vend. ex. directing a sale. The sheriff, therefore, had authority, and there was no fraud alleged. The sheriff's sale was on December 4th, 1871. The deed was made and acknowledged in open court December 13th, following; the acknowledgment entered upon the minutes of the court and certified on the deed. The same day the deed was duly recorded in the Court of Common Pleas in the sheriff's deed docket. The sheriff's term expired January 1st, 1872. After the acknowledgment and recording of the deed, the sheriff took it again from the prothonotary and retained it in his custody. The bid at the sale was $70, $64.84 of which the purchaser applied to the costs, and claimed the right to apply the balance to the judgment of the first lien creditor, which he controlled. It did not appear that the sheriff ever demanded the purchase money, or that any application was made to vacate the acknowledgment or set aside the sale:

*Held*, that the record showed a valid sale, and the execution and acknowledgment of a valid conveyance, which was not affected by the sheriff's retaining possession of the deed:

*Held, further*, that whatever equitable powers the court might have to set aside such a sheriff's sale in a direct proceeding upon requisite proof before intervening rights had accrued, yet in the present collateral proceeding the validity of the deed could not be impeached, and it was error to refuse to admit it in evidence.

4. Robins *v.* Bellas, 2 Watts, 359, distinguished.

February 5th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Fayette county:* Of January Term, 1885, No. 270.

Ejectment, by Henry B. Cock against John R. Thornton and D. M. Thornton, to recover possession of an undivided one third part of a certain tract of land in Redstone township, known as the "Rush Farm."

On the trial the plaintiff made the following offer of evidence as a link in his chain of title:—

"Sheriff's deed from David L. Walker, sheriff, to Edward Campbell, dated the blank day of December, 1871, acknowledged the 13th day of December, 1871, in open court, and recorded the same day in the Court of Common Pleas of Fayette county, in sheriff's Deed Docket No. 1, page 403, and recorded in the office for recording deeds in and for said county, in Deed Book No. 46, page 189, on the 4th day of January, 1882."

Edward Campbell was attorney for John Cock, from whom the plaintiff derived his title.

The defendants objected to the admission of this sheriff's deed for the following reasons:—

[*Cock v. Thornton et al.*]

First. "The *venditioni exponas* under which the sale is alleged to have been made was not returned by the sheriff, but was found among his papers after his death in 1881, without any indorsement of return thereon, said sheriff having gone out of office on the 1st of January, 1872."

Second. "The purchase money was not paid to the sheriff."

Third. "The deed was never delivered by the sheriff, but was found among his papers after his death in 1881, by his administrator, and at the request of the present plaintiff's counsel, the purchaser at the sheriff's sale, was handed to him by the administrator, the counsel agreeing to pay the purchase money."

Fourth. "The purchase money has never been paid."

This sheriff's deed was based on a valid judgment held by John Cock upon which a writ of *fieri facias* was issued, a levy and condemnation of the land made thereunder; and a *venditioni exponas*, directing the sale, issued.

The facts set out in the defendant's objections to the admission of the deed were conceded, except as to the payment of the purchase money.

The bid at the sale was $70. Of this sum $64.84 were applied to the payment of costs, and Cock claimed the right to apply the balance to his judgment, which was the first in order of priority against the debtor. The defendants denied that the costs were payable out of this purchase money or that the balance of $5.46 was applicable to the Cock judgment.

The court sustained the defendants' objections and refused to admit the sheriff's deed in evidence. Verdict for defendants and judgment thereon. Whereupon the plaintiff took this writ, assigning for error the refusal of his offer.

*Edward Campbell*, for plaintiff in error.—The court below refused to admit the deeds on the authority of Robins *v.* Bellas, 2 Watts, 359. But in that case the sheriff's deed was never acknowledged. The following endorsement was on the deed: "19 Jan., 1819.—Acknowledged. George W. Brown, Prothonotary." But this, of course, was no evidence of legal acknowledgment in open court. In the present case the deed is shown by the record of the Court of Common Pleas to have been duly acknowledged in open court, and is duly recorded in the sheriff's deed docket. The sheriff's power over the deed was gone when he delivered it for record to the prothonotary, and the title to the land was then complete in the purchaser. This is clear from the Acts of March 15th, 1862, § 1, P. L., 125, and the Act of May 28th, 1715, § 5, 1 Sm. L., 95. "The sheriff fixes himself for the amount of the the bid by acknowledging a deed, the title to the land is in

the sheriff's vendee, and if after the acknowledgment the sheriff retains the deed to secure payment to him of the whole or a part of the purchase money, it is at most nothing more than an equitable mortgage of which no one could take advantage but the sheriff or his vendee:" Hartman *v.* Stahl, 2 Penrose & W., 231; Hinds *v.* Scott, 1 Jones, 27; Gibson *v.* Winslow, 2 Wr., 54; Stewart *v.* Freeman, 10 Harris, 123; Slater's Ap., 4 Casey, 170.

*Mestrezat* (with whom was *Boyle*), for defendants in error.— The purchaser failed to pay the amount of his bid, and the sheriff refused to return the property as sold, and to deliver a deed to him. The title therefore never became vested in the purchaser or those who claim under him: Zantzinger *v.* Pole, 1 Dall., 419; Friedly *v.* Sheetz, 9 S. & R., 164. The sheriff sold the property in December, 1871, and acknowledged the deed about two weeks later. His term of office expired January 1st, 1872, and he died in 1881 with the deed in his possession, having obtained it from the prothonotary after it was recorded. A sheriff's deed does not take effect from its acknowledgment, but from its sealing and delivery: Duncan's Lessee *v.* Robeson, 2 Yeates, 455; Bellas *v.* McCarty, 10 Watts, 21; Critchfield *v.* Critchfield, 12 Harris, 100. Robins *v.* Bellas, 2 Watts, 359, undoubtedly rules this case; it being held there, under a similar state of facts, that the purchaser at the sheriff's sale did not take a valid title.

Mr. Justice Clark delivered the opinion of the court, February 23d, 1885.

The error assigned in this case is to the refusal of the court below to receive in evidence a sheriff's deed which covered the premises in dispute and formed a link in the chain of the plaintiff's title. The objections made to the admission of the deed were—that the writ of *venditioni exponas*, upon which the sale was made, had never been returned; that the purchase money had never been fully paid, and that the sheriff's deed made pursuant to the sale had never been delivered. The first two grounds of objection, as the law now stands, are wholly dependent upon the validity of the third, because if the deed executed in due and proper form and regularly acknowledged was actually delivered, the first grounds of objection are removed. In numerous cases it has been held by this court that the acknowledgment of a deed is a judicial act, and concludes all mere irregularities, however gross, in the process and sale. After acknowledgment, the validity of the title acquired by the purchaser cannot be questioned in any collateral action involving the title, except for the absence of authority

or the presence of fraud in the sale. This question was elaborately considered in Shields v. Miltenberger, 2 Harris, 76, where the authorities are collected and reviewed by Mr. Justice BELL, and that case is followed by many others. The acknowledgment of a sheriff's conveyance fixes him for the bid, and payment is then a matter between him and the purchaser: Hinds v. Scott, 1 Jones, 19; Gibson v. Winslow, 38 Penn. St., 49; Foster v. Gray, 22 Penn. St., 9. In this case there was a valid judgment, a regular writ of *fieri facias*, a levy upon and condemnation of the land, and a *venditioni exponas* directing the sale. The sheriff had undoubted authority, and no fraud is alleged; the deed if duly executed, acknowledged and delivered will therefore convey the title, although the *vend. ex.* was never returned, and the purchase money was never paid.

The sheriff's sale, according to the recitals of the deed, took place on the 4th December, 1871, and a deed made pursuant to the sale was acknowledged in open court, before the judges thereof, on the 13th day of December following. The acknowledgment was entered upon the minutes of the court and certified in the usual form upon the body of the deed. On the same day the deed was duly recorded in the Court of Common Pleas, in the sheriff's deed docket, as required by law. The official term of the sheriff expired on the first day of January, 1872, and it appears that after the acknowledgment and recording of the deed he lifted it out of the prothonotary's office, and retained it in his custody until the time of his death in the year 1881. The bid at the sale was $70. The purchaser applied $64.84 to the payment of the costs and claimed the right to apply the balance to the judgment of John Cock, the first lien creditor whom he represented in the purchase. It does not appear that the sheriff ever demanded the purchase money, that the purchaser at any time refused to pay it, or that any application was made by any one to vacate the acknowledgment or to set the sale aside.

It certainly cannot be doubted that the sheriff in this condition of the record was fixed for the amount of the bid, and that whoever at the time of the sale was entitled, in the order of distribution, had a legal demand against him for the money; as a corollary to this it would seem equally clear that the defendant's title had been extinguished. The record exhibited to the whole world, and still exhibits, a valid sale of the lands levied upon, and the execution and acknowledgment of a regular conveyance. If the deed were lost or destroyed this record would furnish competent and complete evidence of the sale, and of the deed; prior to the passage of the Act of 14th March, 1846, a sheriff's deed was not within the purview of the recording acts, and the only record which could be re-

12 OUTERBRIDGE.—41

[Cock *v.* Thornton et al.]

sorted to to supply the loss of such a conveyance was that found in the Common Pleas: Seechrist *v.* Baskin, 7 W. & S., 403. The acknowledgment and recording of a sheriff's conveyance is very strong presumptive evidence of delivery, and where several years have elapsed, without effort to vacate the acknowledgment, that presumption is very greatly strengthened. The mere possession and custody of the instrument, under such circumstances, is a matter of no great significance, as the sheriff may hold the deed merely as a basis of settlement, or when the purchaser is entitled in the distribution, until the proper entries are made upon the record. When a sheriff's conveyance is retained for such purpose, it may, after adjustment of the bid, pass to the purchaser by the hand of any one.

The case of Robins *v.* Bellas, 2 Watts, 359, which is greatly relied on by defendants in error, is readily distinguished from the case under consideration, where the sheriff's deed was neither acknowledged nor recorded. There was, it is true, a memorandum made upon it by the prothonotary in the following words: "19th January, 1819, acknowledged George W. Brown, Prothonotary. Deposited as an escrow;" but, as this indorsement did not declare what was acknowledged, or by whom, or where, or for what purpose, it was altogether inadequate, both in form and in substance, to establish a valid acknowledgment. The deed thus indorsed was left with the prothonotary as an escrow, to be delivered when the purchase money was paid. Ten years later, without such payment having been made, upon an order of the court the deeds were recorded and delivered by the prothonotary to the purchaser. Such being the facts of that case the court very correctly said: "As well might the court undertake to direct the sheriff's name and seal, in his absence and without his consent, to be signed and affixed to a deed in order to consummate a sale of real estate made by him, as to order a deed which had been signed and sealed by him, but not delivered, or only deposited with a third person, to be delivered to the vendee without the consent of the sheriff, or the condition being first performed, upon which it was deposited as an *escrow.*"

The adjudication of this case does not necessarily determine the causes for which, or the time at which the court in the exercise of its equitable powers may in a proper and direct proceeding set aside a sheriff's sale. The powers of the court in such cases, it must be understood, are dependent upon other considerations, and are governed by different principles. Even after the acknowledgment and recording of a sheriff's deed, if the instrument remain within the grasp of the court, or the purchaser deliver it up for cancellation, the record may upon

[Cock *v.* Thornton et al.]

prompt and proper application be vacated and the sale set aside, provided no intervening rights have accrued: Jackson *v.* Morter, 1 Norris, 294. We are here considering the validity of a sheriff's deed as evidence of title, in an action of ejectment, a proceeding collateral to that in which the sale and conveyance was adjudicated, and in which those who derive title from the defendant deny the efficacy of the deed to extinguish their right. The cases which define the powers of the court in a direct proceeding to set aside a sale, have little relevancy to the questions here involved.

We are of opinion that the deed from David L. Walker, sheriff, to Edward Campbell, acknowledged 13th December, 1871, was admissible in evidence, and the offer of it by the plaintiff should not have been refused at the time. The judgment is therefore reversed, and a *venire facias de novo* is awarded.