## Shearer et ux., Appellant, *v.* Peffer.

*Ejectment—Collateral impeachment of sheriff's sale—Evidence.*

In an action of ejectment against a sheriff's vendee of land, evidence is inadmissible to show that the description of the improvements on the property in the sheriff's notices of the sale was inadequate.

Submitted April 26, 1893.   Appeal, No. 254, Jan. T., 1893, by plaintiffs, William J. Shearer and wife, from judgment of C. P. Cumberland Co., Feb. T., 1889, No. 254, on verdict for defendants, Jane M. Peffer et al.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment.

At the trial, before FURST, P. J., of the 49th judicial district, specially presiding, it appeared that defendants claimed title under a sheriff's deed.   The land formerly belonged to plaintiffs, but was sold under execution against them to defendant's ancestor.

Plaintiffs offered to prove that the sheriff's description of the character of the land and of the improvements thereon, in his handbills and newspaper advertisements, was defective, insufficient and discrepant, etc.   Objected to, excluded and exception. [6]

Plaintiffs also offered to prove that no notice of sale, nor of the time and place of sale, nor of the property to be sold, was given by the sheriff, or anyone, to the defendant, Mary A. Shearer, the owner of the property sold, nor that it was to be sold, ten days before the sale, nor at any time, as required by law, and that she did not know it was to be sold.   Objected to, excluded and exception. [7]

The court charged in part as follows :

["Exceptions were filed by Mrs. Shearer to the acknowledgment of that deed, and, upon the consideration of all the facts in the case, the court overruled the exceptions and acknowledged the deed.   The plaintiff has renewed, by offers of evidence in this case, his exceptions to the regularity of the advertisement of the sheriff.   The plaintiff has also offered to show that the amount due on the mortgage as recited in the judgment

was more than was actually due. These facts are irrelevant to the present issue, and it is our duty, therefore, to say to you that the defence offered to this action of ejectment by these defendants absolutely overcomes the prima facie case of the plaintiffs, and this defence not having been rebutted by any competent relevant testimony, it is our duty to say to you, whatever may be the sympathy of this community or this borough for Mrs. Shearer, or whatever may be our own views on the matter, we cannot take cognizance of it here, but we must direct you to render a verdict for the defendants."] [16]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (6, 7) rulings on evidence, and (16) instructions, quoting instructions and bills of exceptions.

*R. M. Henderson* and *W. J. Shearer*, for appellants, cited: Wallace's Est., 2 Pitts. R. 145; Carlin v. Leng, 1 Phila. 375; Dawson v. Morris, 4 Yeates, 341; Labar v. Snell, 1 Law Times, N. S. 75; 3 Bright. Dig. 3282, pl. 173; Wilson v. McVeagh, 2 Yeates, 86; Leonard v. Leonard, 20 W. N. 346; Weyand v. Tipton, 5 S. & R. 331.

*J. W. Wetzel,* for appellees, cited: Smith v. Weyant, 3 C. C. 608; Hartman v. Ogborn, 54 Pa. 120; Shyrock v. Buckman, 121 Pa. 248; Michaelis v. Brawley, 109 Pa. 7.

PER CURIAM, May 22, 1893:

Upon an examination of this case we cannot help feeling sympathy for the plaintiff. We are wholly unable to see why the sheriff's sale of her home was not set aside for want of any adequate description of the improvements in the newspapers in which the sheriff advertised the property for sale. But unfortunately for her that battle was fought out and lost at the proper time and place to make it. The sheriff's deed was acknowledged, and the regularity of the steps taken by the sheriff in the execution of his writ is not now open to question. This action is ejectment. The defendants hold the sheriff's deed so made and acknowledged, and the learned judge who tried this case rightly ruled that he could not in this action review the conduct of the sheriff in making advertisement of the property,

or the ruling of the court in declining to stay proceedings on his writ. We can see on this record nothing that we can seize hold of as a sufficient reason for overturning this judgment. It is now affirmed.