# Lyle *v.* Armstrong (No. 2).

*Mortgage—Foreclosure—Service of process on real owner.*

1. The only effect of failure, on a scire facias sur mortgage, to serve process upon the real owner, is to permit him to make any defense against the purchaser at the sheriff's sale, that he might have made against the scire facias.

*Sheriff's sale—Setting aside—Proceedings for possession—Practice, C. P.*

2. Questions relating to the validity of a sheriff's sale upon the ground of inadequacy of price and insufficiency of description should be raised by motion to set the sale aside and are not properly to be interposed as a defense to a demand by the purchaser for possession. The acknowledgment of the sheriff's deed cures all irregularities in the proceedings.

3. In a proceeding by a mortgagee to gain possession of the mortgaged premises which he had bought in at a sheriff's sale in foreclosure proceedings instituted by himself, a claim against the mortgagee for money damages is not available as a defense on the ground of misrepresentations by the latter.

*Appeal—Proceedings for possession—Petition and answer.— Amendment.*

4. On an appeal from an order awarding a writ of possession in proceedings under the Act of April 20, 1905, P. L. 239, an assignment of error charging that the court below erred in entering judgment on an amended petition without allowing the appellant to file an additional answer will not be sustained where it appears that the amendment merely introduced the record of the foreclosure proceedings on which the sale was based, that no objection was apparently made to its allowance, that no exception was taken, and that the record showed no offer to file an additional answer.

Argued Jan. 16, 1912. Appeal, No. 161, Jan. T., 1911, by James I. Comly, from decree of C. P. No. 2, Phila. Co., June T., 1910, No. 4016, awarding writ of possession in case of Franklin L. Lyle v. William Lynn Armstrong, Real Owner and Amos R. Scott, Mortgagor. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Petition for writ of possession.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were as follows:

1. The learned court below erred in entering the following decree:

"And now, May 25th, 1911, on consideration of the petition and answer in the above case, and of the record thereof, it is ordered that judgment be entered in favor of the petitioner, Franklin L. Lyle, and against the respondents, Frederick J. McCabe and James I. Comly, and that a writ of possession forthwith issue in favor of said petitioner to recover possession of the property described in said petition. Respondents to pay the costs.

"(Signed)   M. S."

2. The learned court below erred in entering judg-

ment on the petition as amended without opportunity on the part of the respondent to answer the petition as amended.

3. Under the judgment of the learned court below the appellant is deprived of property without due process of law, within the meaning of the Fourteenth Amendment to the Constitution of the United States, Clause I.

*E. Clinton Rhoads,* with him *Maxwell H. Kratz, Paxson Deeter* and *John C. Bell,* for appellant.—There was a total failure of service so far as respondent is concerned: Nevil v. Heinke, 22 Pa. Super. Ct. 614; Gelston v. Donnon, 44 Pa. Super. Ct. 280.

The sale is void as to appellant, being a fraud on his rights, and not in compliance with acts of Assembly: Louser v. Light, 202 Pa. 582.

The learned court below erred in entering judgment on the petition as amended, without opportunity to answer.

*Alex. Simpson, Jr.,* with him *I. Hazleton Mirkil,* for appellee.

OPINION BY MR. JUSTICE POTTER, March 4, 1912:

The proceedings in this case were under the act of April 20, 1905, P. L. 239, which provides a method by which a purchaser of real estate at a judicial sale may obtain possession. The petition in the present case follows the requirements of the statute. It describes the property, avers petitioner's title, and by an amendment allowed by the court, the entire record under which the title was acquired, was made part of the petition. It avers that this appellant, James I. Comly, was in possession of the premises, and that due notice was given to him, and that he refused to yield possession. In his answer the respondent denied that the petitioner was the owner of the premises, on the ground

that the sheriff's sale was ineffective to give him title as against respondent, because appellant was the real owner by an unrecorded deed at the time the scire facias was issued; that this fact was known to the petitioner, and that respondent was not made a party to the suit or served with process. It is admitted that service was made on the real owner as shown by the recorded title.

The only effect of failure to serve process upon the real owner is to permit him to make any defence against the purchaser at the sheriff's sale, that he might have made against the scire facias: Gelston v. Donnon, 44 Pa. Super. Ct. 280.

The respondent also averred that the sheriff's sale was void because of inadequacy of price, coupled with insufficient advertisements. That question has been determined adversely to his contention in Lyle v. Armstrong, 235 Pa. 224, in which an opinion has just been filed. It should be noted however that questions relating to the validity of a sheriff's sale, upon the ground of inadequacy of price and insufficiency of description, are to be raised by a motion to set the sale aside, and are not properly to be interposed as a defense to a demand by the purchaser for possession: Shearer v. Peffer, 155 Pa. 501. The acknowledgment of the sheriff's deed cures all irregularities in the proceedings: Mencke v. Rosenberg, 202 Pa. 131; Jackson v. Gunton, 26 Pa. Super. Ct. 203. As a defence to the mortgage, appellant contended that plaintiff had violated an agreement to release certain portions of the mortgaged premises. But the answer admits that the written agreement was to release "such portions of the ground and for such consideration as will be satisfactory to the mortgagee." If there was any prior verbal agreement, as was claimed, it would be merged in the written contract. This proceeding is simply for the possession of the land and any claim for money dam-

ages on the ground of misrepresentations by the mortgagee, would not be available as a defence here.

In the second assignment of error, appellant charges that the court below erred in entering judgment on the amended petition without allowing him to file an additional answer. The amendment merely introduced the record of the foreclosure proceedings, and no objection was apparently made to its allowance, nor was any exception taken. The record shows no offer to file an additional answer. In the third assignment of error, appellant suggests that under the judgment of the court below, he was deprived of property without due process of law, and in violation of the Fourteenth Amendment of the Constitution of the United States. This idea seems to have been abandoned upon the argument, as no grounds for the assignment are indicated. We find nothing in the record to justify the suggestion. This case was heard upon petition and answer, under the 8th section of the act of 1905, and the court entered judgment in behalf of the petitioner, and awarded a writ of possession. In its action in this respect, we see no error.

The assignments of error are dismissed, and the judgment is affirmed.