# Rhodes's Estate.

*Assignments for creditors—Sale of real estate—Conclusiveness of sale—Possessory proceedings—Title—Collateral attack.*

Where the real estate of an assignor for the benefit of creditors has been duly sold by the assignee, and a deed delivered to the purchaser, the assignor cannot, in a possessory proceeding by the purchaser against him to secure possession of the real estate,

attack the title of the assignee's vendee. If he ever could have questioned it, it was by exceptions to the confirmation of the sale, or a motion to set it aside.

Argued April 20, 1920. Appeal, No. 91, Jan. T., 1920, by William D. Rhodes, Assignor, from order of C. P. Blair Co., Oct. T., 1918, No. 252, awarding writ of possession in assigned estate of William D. Rhodes. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Petition for writ of possession.

Baldrige, P. J., filed the following opinion:

William D. Rhodes and wife, on September 30, 1918, executed and delivered to David F. Rhodes a general deed of assignment for the benefit of creditors of William D. Rhodes.

Thereafter authority was obtained from the court of common pleas for the assignee to make public sale of the real estate of the assignor. In pursuance of the authority so obtained the property was advertised and sold publicly to Creighton D. Bloom on December 21, 1918, and the assignee delivered to the purchaser a deed therefor, dated January 13, 1919. The property thus sold was occupied by William D. Rhodes and Florence, his wife, who refused and neglected to deliver possession thereof to the purchaser.

A petition was presented to this court for a citation to obtain possession of the premises under the provisions of the Act of April 20, 1905, P. L. 239.

Answer was filed to the citation, setting forth that the sale and all the proceedings in connection therewith were illegal and void, and that the petitioner acquired no title, as the proceedings were had under the General Assignment Act of February 17, 1876, P. L. 4, and that this act has been superseded by the Federal Bankruptcy Act of July 1, 1898, and its amendments.

Respondent denies further that he had any notice to deliver up possession, but there is no testimony to support this averment, and the record shows that the sheriff served the citation upon William D. Rhodes and Florence Rhodes by handing each of them a true and attested copy thereof.

[In so far as this proceeding is concerned it is unnecessary to enter into a discussion of the question as to whether or not the Federal Bankruptcy Act supersedes the General Assignment Act of 1876.]   (1)

The issue here is whether the original assignor is entitled to retain possession as against the purchaser. Whatever title William D. Rhodes and wife had, passed to his assignee, David F. Rhodes, and this title by sale and deed passed to the purchaser, the petitioner. No other rights are involved, and if the proceedings were illegal or defective ample opportunity was afforded to any person in interest to object thereto. It comes with bad grace at this time for the assignor to attack the validity of his own action with the hope of reaping a benefit therefrom. If this trust was a defeasible one it does not now lie in the mouth of the assignor to disaffirm his own act, and so attempt to endanger the purchaser's title. He conveyed his interest in the property; it was sold by his action, and the money devoted to pay his debts. But notwithstanding, the assignor wants to keep the property and deprive the purchaser of his money. This court will not lend any assistance to the consummation of such a plan.

[In addition, the proceeding resorted to is a possessory one, and the defense set up at this time is not available herein as the questions raised involve the title and cannot be thus collaterally attacked: Mencke v. Rosenberg, 202 Pa. 131; Jackson v. Gunton, 26 Pa. Superior Ct. 203; Lyle v. Armstrong, 235 Pa. 227. No fraud, or want of authority to sell, in so far as the assignor is concerned, is involved.]   (2)

[Now, June 24, 1919, this cause came on to be heard, was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed that judgment be entered in favor of the petitioner and against the respondent for the premises mentioned in the petition filed in this court on May 16, 1919, and a writ of possession issued therefor in the form and manner set forth by the Act of April 20, 1905, P. L. 239.] (3)

Wm. D. Rhodes, the assignor, appealed.

*Errors assigned* were (1-3) portions of opinion in brackets and order of court, quoting them.

*Thos. H. Greevy,* with him *Morgan J. Sheedy,* for appellant.

*John Woodcock,* with him *John F. Sullivan,* for appellee.

PER CURIAM, May 26, 1920:

The opinion of the court below states the facts in this case, in pursuance of which the writ of possession was issued for the property in controversy. By his deed of assignment for the benefit of creditors, the appellant passed all of his interest in it to his assignee, with authority to sell it for the purposes for which the trust was created; and it was so sold. In this possessory proceeding the appellant has no standing to attack the title of his assignee's vendee. If he ever could have questioned it, it was by exceptions to the confirmation of the sale, or a motion to set it aside.

Appeal dismissed at appellant's costs.