# Baird et al. *v.* Moshannon Coal Mining Co. (et al., Appellant).

Argued February 4, 1935. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. M. Liveright,* of *Liveright & Smith,* for appellant.

*E. J. Thompson,* of *Thompson & Litke,* for appellee.

64

PER CURIAM, March 25, 1935:

The Union Trust Company of Pittsburgh, intervenor, appeals as trustee of the estate of Annie C. Rowland from the order of the Court of Common Pleas of Centre County authorizing the receivers of the Moshannon Coal Mining Co. to liquidate the assets of that company by selling at public sale, free of all liens and encumbrances, the remaining assets, including real and personal property, of the company. The intervenor and one of the two receivers for the coal company (who formerly represented the Rowland Estate) opposed the sale of portions of the properties involved; the decree of the chancellor, however, in addition to authorizing the sale, directed the receiver who petitioned for leave to liquidate to proceed alone if necessary.

The Union Trust Company, trustee, holds three separate judgments against the Moshannon Coal Mining Co., in the total amount of $20,750, all antedating the receivership of defendant company, which are first liens against the real estate owned by the company. Appellant argues that "the chancellor's decree displacing Union Trust Company's liens was an unauthorized exercise of power, or, if within the court's power, a clear abuse of discretion."

To support its contention, appellant must point to some authority, statutory or otherwise, preserving the lien of its judgments after judicial sale. We have not been referred to any, nor do we know of any, supporting this novel proposition. As long ago as 1869 it was declared that, with a few exceptions, "judicial sales in this State discharge all liens": Girard Life Insurance Co. v. Farmers' & Mechanics' Bank, 57 Pa. 388, 394. The exceptions depend upon express enactments of the legislature or arise from the peculiar character of the lien or encumbrance itself. There have been several acts saving the lien of mortgages, the most recent being the Act of April 30, 1929. This well-known statute provides that the lien of a mortgage prior to all other liens upon seated

lands, except other mortgages, ground rents, purchase money due the Commonwealth, taxes, and municipal claims and assessments, shall not be destroyed or in anywise affected by any judicial sale. Judgments are not mentioned and their lien is accordingly not preserved.

A careful examination of the record fails to support appellant's claim of abuse of discretion in ordering sale of the property involved. For two and a half years the receivers had been in control of the property, consisting of two bituminous mines, substantially equipped, 1,200 acres of practically undeveloped coal land, and a large store building and warehouse in connection therewith. The mines were shut down for lack of business as a result of the present economic depression and other causes, with no reasonable prospect of an early resumption. Indebtedness of the receivership at the time of the hearing amounted to at least $14,000, which sum was being steadily augmented by such fixed and inescapable charges as interest on appellant's judgment and taxes. The chancellor decided the sale to be both necessary and expedient, but so phrased the order of sale as to avoid sacrifices, and further provided that sales should be subject to confirmation by the court. Under all the circumstances, we cannot say there was an abuse of discretion in ordering this final liquidation of the affairs of the company.

Decree affirmed at cost of appellant.