Knox *v.* Noggle, Appellant.

Argued November 24, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John S. Powers,* with him *Wilbur J. Baer,* for appellant.

*Robert L. Wallace,* with him *J. Norman Martin* and *Norman A. Martin,* of *Martin & Martin,* for appellee.

OPINION BY MR. JUSTICE STERN, January 3, 1938:

Plaintiff, obligee in a bond executed by defendant, entered judgment and issued execution, the levy being made on five parcels of real estate, of which three were covered by the mortgage securing the bond. On January 6, 1936, the five parcels were sold to plaintiff at sheriff's sale for a nominal sum. The sheriff's deed was recorded on January 25. On March 16, plaintiff filed his petition asking for a citation upon defendant to show cause why the latter should not deliver up possession. An answer was filed but subsequently withdrawn by defendant as the result of an agreement of settlement, and judgment for possession was entered for plaintiff. Finding, however, that the agreement had been the result of a misunderstanding, defendant obtained a rule to show cause why this judgment should not be opened. He contended (1) that under section 1 of the Deficiency Judgment Act of July 1, 1935, P. L. 503, there should first have been a sale of the property covered by the mortgage before other parcels of his real estate were levied upon and sold; and (2) that the price obtained at the sale was grossly inadequate. The court discharged the rule, and on January 2, 1937, the sheriff delivered possession to plaintiff. On the present appeal defendant has filed three assignments of error, but the first two refer to proceedings not part of the present case and must be quashed. The third assignment challenges the order discharging defendant's rule.

As to the first ground relied upon by defendant, it is sufficient to say that in *Shallcross v. North Branch-Sedgwick B. & L. Association*, 123 Pa. Super. Ct. 593, the Superior Court properly held that the Deficiency Judgment Act of 1935 was unconstitutional as to preëxisting mortgages, and that section 1 of the act was not severable. The only object of the provision that the mortgaged property should be sold before levying upon or selling other real estate of the debtor was to ascer-

tain the amount of the deficiency judgment and thereby limit the extent of permissible recovery by subsequent executions; this purpose failing, the provision itself fell with the rest of the act.

As to the inadequacy of the price realized at the sale, it was held at least as early as in *M'Culloch's Case,* 1 Yeates 40, and down through an almost continuous succession of cases to the present time,[1] that a sheriff's sale would not be set aside after the deed was acknowledged and delivered,[2] except for fraud or want of authority to make the sale, in which cases relief might be had through an action in ejectment, or perhaps by a bill in equity,[3] or possibly, under the Act of April 20, 1905, P. L. 239, by way of defense in proceedings for possession. The distinction is pointed out in detail in *Vanernan v. Cooper,* 4 Clark Penna. Law Journal Rep. 371, between irregularities in the proceedings, misdescriptions of the property, the sale of several tracts as an entirety, defect of title, and similar objections, on the one hand, all of which are foreclosed as defenses by delivery of the sheriff's deed, and, on the other, attacks upon the sale on the ground

---

[1] *Shields v. Miltenberger,* 14 Pa. 76; *Cooper v. Wilson,* 96 Pa. 409; *Cock v. Thornton,* 108 Pa. 637; *Evans v. Maury,* 112 Pa. 300; *Shearer v. Peffer,* 155 Pa. 501; *Media Title & Trust Co. v. Kelly,* 185 Pa. 131; *Mencke v. Rosenberg,* 202 Pa. 131; *Lengert v. Chaninel,* 208 Pa. 229; *Clough v. Welsh,* 229 Pa. 386; *Lyle v. Armstrong (No. 2),* 235 Pa. 227; *Collins v. Phillips,* 236 Pa. 386; *McLanahan v. Goodman,* 265 Pa. 43; *Rhodes's Estate,* 267 Pa. 506; *Podol v. Shevlin,* 284 Pa. 32; *Fenton v. Joki,* 294 Pa. 309; *Tonge v. Radford,* 103 Pa. Super. Ct. 131.

[2] Under the Act of April 22, 1905, P. L. 265, it is sufficient if action be taken before the delivery of the deed by the prothonotary to the sheriff for the purpose of recording, even though it has already been acknowledged by the sheriff: *Warren Pearl Works v. Rappaport,* 303 Pa. 235.

[3] *Evans v. Maury,* 112 Pa. 300, 313, 314; *Media Title & Trust Co. v. Kelly,* 185 Pa. 131, 134; *Barclay v. Pittsburg Home Building Co.,* 58 Pa. Super. Ct. 448, 452.

that it was unauthorized, or vitiated by fraud, in which cases the right of redress survives such delivery. Inadequacy of price is an objection that can be raised only by a rule to set aside the sale taken before acknowledgment and delivery of the deed, and it cannot be set up as a defense to a demand by the purchaser for possession: *Lyle v. Armstrong (No. 2),* 235 Pa. 227. It is true that in the concurring opinion of the Chief Justice in *Beaver County Building & Loan Association v. Winowich,* 323 Pa. 483, 513, it was suggested, and in *Hettler v. Shephard,* 326 Pa. 165, it was held, that a sheriff's sale might be set aside where the purchase price was grossly inadequate, but it was not implied that, contrary to the long-established rule upon the subject, such relief might be obtained after delivery of the sheriff's deed, or that inadequacy of price constituted a fraud on the part of the purchaser or the plaintiff in the proceedings which might be set up even after the sheriff's deed had been acknowledged and recorded. In adhering to the rule requiring prompt action in such cases no real hardship is occasioned, because section 4 of the Act of April 22, 1905, P. L. 265, provides that when there is a motion pending to set aside the sale, or there are exceptions to its confirmation, the deed shall not be acknowledged or delivered, and thus all the time necessary for presenting objections is assured: *Iron & Glass Dollar Savings Bank v. Wigman,* 264 Pa. 146; *Fenton v. Joki,* 294 Pa. 309. A weakening of the rule, on the other hand, would seriously impair the stability of titles acquired through sheriff's sales.

Defendant contends that he was misled by "fraud" into withdrawing his answer to plaintiff's petition for possession. No basis for such a charge is presented, and, in any event, it would not affect the integrity of the sheriff's sale, at which, it may be noted, defendant himself was present. The most that defendant could claim would be that his petition to open the judgment should be regarded as an answer to plaintiff's petition for pos-

session, and we have so considered it. For the reasons stated, however, it furnishes no adequate defense in these proceedings.

The order of the court below refusing to open the judgment is affirmed.