Jendricks, for use, *v.* Oppenheimer, Appellant.

Argued January 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William B. Rudenko,* with him *Harry Shapiro,* for appellant.

*B. F. Madore,* with him *D. C. Reiley,* for appellees.

OPINION BY MR. JUSTICE LINN, March 21, 1938:

In these two appeals it appears that in 1934 judgment was entered pursuant to a warrant contained in a bond accompanying the mortgage. Various writs of execution were issued and were stayed. July 1, 1937, the mortgage and judgment was assigned to the plaintiffs, who, without complying with the provisions of the Act of July 2, 1937, P. L. 2751, 21 PS section 821a et seq., issued a pluries vend. ex. on which the mortgaged premises and other land owned by defendant were sold to the plaintiffs.

On August 4, 1937, the sheriff's deed was acknowledged and delivered. On September 14, 1937, a petition was filed for a rule to show cause why the sheriff's sale

should not be vacated, set aside and the deed cancelled. The prayer of the petition was refused.

The only basis for the petition was failure to comply with the Act of July 2, 1937; no fraud was averred. The single contention now made by the appellant is that the sheriff's sale was void for failure to comply with the Act of 1937. The petition was properly refused. The Act of 1937, relied on, violates Article III, section 7, of the Constitution prohibiting special legislation changing the method of collecting debts or of enforcing judgments. The reasons for this conclusion are set forth at length in the opinion this day filed in *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Scott*, 329 Pa. 534, and need not be repeated. There is nothing to show that the sale was void (*Knox v. Noggle*, 328 Pa. 302).

Judgment affirmed.