**Meskunas et ux. v. Puskunigis et al.**

*Paul M. Dzwonchyk,* for petitioners.
*Ernest D. Preate* and *Robert Dolphin,* for respondents.

HOBAN, J., June 29, 1938.—Proceedings for possession of real estate under the Act of April 20, 1905, P. L. 239. The pleadings consisted of petition for citation, respondents' answer averring new matter, replication and rejoinder. Plaintiffs move for judgment on the whole record.

A sheriff's sale of the property in question was had in proceedings to no. 1220, November term, 1935. The sheriff's deed to plaintiffs was properly acknowledged and delivered. Some time after the acknowledgment and delivery of the deed, the present respondents, defendants in the execution, moved to set aside the sheriff's sale, alleging that the sale was void because of fraudulent collusion between plaintiffs in this proceeding, then the execution creditors, and other lien creditors, for inadequacy of price and because of misstatement in a notice read at the sale on behalf of the first mortgagee, not a party to the instant proceeding. This court in an opinion filed April 29, 1938, discharged the rule to set aside the sale because it was taken after acknowledgment and delivery of the deed.

The averments as to new matter in respondents' answer in the case at bar are the same as were raised in defendants' rule to set aside the sheriff's sale in the execution proceedings. Respondents' theory is that these alleged defects survive the proceedings in execution and may be used to defeat possession.

As to the alleged inadequacy of price and the defect, if any, in the notice read on behalf of the first mortgagee, we think the matter is concluded by decisions in the cases of Lyle v. Armstrong (No. 2), 235 Pa. 227, and Knox v. Noggle, 328 Pa. 302. In these cases the definite ruling of the court was that defects such as misdescriptions or technical inaccuracies, as well as the inadequacy of price, can only be raised in a rule to set aside the sheriff's sale, which rule must be taken prior to acknowledgment and delivery of the deed.

Respondents, however, vigorously contend that a question of fraud survives all proceedings in execution and may be used to defeat possession in an issue to be raised in proceedings under the Act of 1905, supra. Some color is given to this position by various intimations in several appellate court cases. See 7 Standard Pennsylvania Practice, page 446, ch. 31 sec. 307. As typical, we quote from the opinion of Mr. Justice Stern, in Knox v. Noggle, supra, (p. 304) :

"As to the inadequacy of the price realized at the sale, it was held at least as early as in *M'Culloch's Case*, 1 Yeates 40, and down through an almost continuous succession of cases to the present time, that a sheriff's sale would not be set aside after the deed was acknowledged and delivered, except for fraud or want of authority to make the sale, in which cases relief might be had through an action in ejectment, or perhaps by a bill in equity, *or possibly, under the Act of April 20, 1905, P. L. 239,* by way of defense in proceedings for possession." (Italics supplied.)

It must be conceded that if there has been fraud in the conduct of a sheriff's sale, the person injured thereby must have a remedy. It is understandable that the fraud may not be discovered until after acknowledgment and delivery of the deed, but simply because the transaction has been completed by delivery of the deed, so closing the door to relief by way of a rule to set aside the sale, the defrauded party is not to be deprived of redress.

As stated in Knox v. Noggle, supra, relief for fraud may be obtained either in an action of ejectment, which is a proceeding to try the title to real estate, or in a bill in equity to set aside a fraudulent conveyance or to vitiate proceedings tainted with fraud. But we see no reason in logic why purchasers at judicial sales should be deprived of possession while the question of fraud is being litigated, if the proceedings are otherwise regular on their face or if apparent irregularities have been cured by acknowledgment and delivery of the deed. For an irregularity

occurring prior to acknowledgment and delivery, the injured party has his remedy by prompt application to have the sale set aside, which application prevents acknowledgment and delivery until the question is determined. No case has been brought to our attention which rules that the question of fraud shall be litigated in proceedings for possession. Since fraud was not an issue in Knox v. Noggle, supra, the speculative statement italicized in the foregoing quotation cannot be considered as a statement of the law. In fact, the very language of the opinion indicates that the italicized statement was simply a speculation.

The Act of 1905, supra, was designed to afford a simple and speedy means of affording to purchasers at judicial sales possession of the property without subjecting such purchaser to the expense and delay of litigation in ejectment against a recalcitrant debtor or terre tenant.

An execution debtor or terre tenant, having failed to pursue his remedies prior to acknowledgment and delivery of the deed, can only attack the right to possession of purchaser or the purchaser's grantee from outside the wall of possession. To hold otherwise would be to defeat the very purpose of the Act of 1905, and would open the door to grave abuse, if the cry of fraud, so easily raised, were allowed to delay possession after a sale, legitimate on its face, had been concluded. The person who alleges fraud may still have his remedy, but the burden of proof is on him, and the purchaser should not be penalized by lack of possession while the person who has the burden of proof, and who can normally control the progress of the action, proceeds to develop his case.

We are doubtful as to whether the facts alleged to constitute collusion between plaintiffs and the third-lien creditor amount to fraud. What the pleadings allege is that, the property having been sold twice and each time the bidders having failed to comply with their bids, prior to the final sale plaintiffs and the third-lien creditor made an agreement by which the third-lien creditor was not

to bid, on the plaintiffs' promise to see that his lien was paid. There was no allegation that other bidders were interested in such agreement or were in any way prevented from attending the sale and bidding upon the property. What the third-lien creditor was interested in was not in buying a property at a public sale, but in collecting his lien, and if the persons who forced the sale, to wit, plaintiffs in this action, agreed to secure the third-lien creditor, his object was accomplished, and certainly there was no compulsion upon him to bid. But whether such an arrangement amounted to a fraudulent agreement to prevent bidding at the sale or not, in accordance with the principles stated above, we are of the opinion that it cannot be raised in this proceeding, and can only be tried out in an action of ejectment or bill in equity.

We conclude that upon the whole record, plaintiffs are entitled to judgment of possession.

Now, June 29, 1938, judgment of possession is entered in favor of plaintiffs, at the costs of respondents.