## Milstein v. S & K Company

*Thomas J. Corrigan,* for plaintiff.
*Frank N. Gallagher,* for defendants.

BECKERT, J., December 23, 1970.—This matter is presently before us by virtue of preliminary objections of defendants, the Dime Savings Bank of Brooklyn (Dime) and B.B.E. Corporation (B.B.E.), to the interrogatories of plaintiff, Milstein Floor Covering Co., Inc. (Milstein). It is the position of defendants that the information sought by Milstein is irrelevant to the present action.

The following represents the factual background:

On February 7, 1968, Milstein filed a mechanic's lien claim, reciting therein that the first visible work was commenced December 12, 1966, on a certain piece of realty located in Bristol Township of this county

(premises). On January 9, 1970, plaintiff filed its complaint upon the claim.

On December 15, 1965, a construction loan mortgage dated December 14, 1965, was recorded in the Office for the Recording of Deeds in Bucks County wherein Dime was the mortgagee and S & K Co., a limited partnership, and Betty W. Kranich, general partner of S & K Co. (S & K) was the mortgagor. S & K defaulted on the terms of the mortgage, whereupon Dime instituted mortgage foreclosure proceedings against the premises.

On March 25, 1968, judgment was entered in favor of Dime for $1,706,875.15 on the bond accompanying the mortgage. On May 10, 1968, pursuant to this judgment, the premises was bid in by Dime at sheriff's sale and Dime thereafter assigned its rights to B.B.E. Ultimately, the sheriff of Bucks County, on June 24, 1968, conveyed the premises to B.B.E. by a deed duly recorded in the office for the recording of deeds on July 26, 1968.

It is the contention of defendants that, even assuming plaintiff's mechanic's lien claim to be valid, the plaintiff's interrogatories are nevertheless irrelevant, as the lien was discharged by the judicial sale. It is evident that if plaintiff is to succeed, plaintiff "must point to some authority, statutory or otherwise, preserving the lien of his judgment after judicial sale": Baird v. Moshannon Coal Mining Co., 318 Pa. 63, 64 (1935). It is the general rule that judicial sales in this Commonwealth discharge all liens: Liss v. Medary Homes, 388 Pa. 139 (1957); Rosenberg v. Cupersmith, 240 Pa. 162 (1913); Girard Life Insurance, etc., Co. v. Farmers' and Mechanics' National Bank, 57 Pa. 388 (1868).

Plaintiff asserts that the Act of April 20, 1846, P. L. 411, secs. 1 and 2, 12 PS §§2511, 2512 (herein-

after called act), represents the required statutory authority mandated by the Baird case.

The pertinent part of the above two noted sections are as follows:

Section 1, 12 PS §2511:

". . . whenever the purchaser . . . of real estate, at . . . sheriff's sale, shall appear from the proper record to be entitled, as a lien creditor, to receive the whole, or any portion of the proceeds of said sale, it shall be the duty of the sheriff, . . . to receive the receipt of such purchaser . . . for the amount which he or they would appear, from the record as aforesaid, to be entitled to receive. Provided, That this section shall not be so construed as to prevent the right of said sheriff . . . to demand and receive, at the time of sale, a sum sufficient to cover all legal costs entitled to be paid out of the proceeds of said sale: And provided further, That before any purchaser . . . shall receive the benefit of this section, he or they shall produce to the sheriff . . . a duly certified statement from the proper records, under the hand and official seal of the proper officer, showing that he is a lien creditor, entitled to receive any part of the proceeds of the sale as aforesaid."

Section 2, 12 PS §2512:

"It shall be the duty of the said sheriff . . . in all cases when he or they shall receive the receipt of the purchaser as aforesaid, to state the fact in the return of the proceedings of said sale, and attach thereto a list of the liens upon the property sold, which said return shall be read in open court, on some day during the term, to be fixed by the order of court; and if the right of said purchaser . . . to the money mentioned in said return, shall be questioned or disputed by any person interested, the court shall, thereupon, appoint an auditor, who, after due notice given to the

persons interested, in such manner as the court may direct, shall make a report, distributing the proceeds of such sale, with the facts and reasons upon which such distribution is made, to be approved by the court; or to direct an issue to determine the validity of said lien, and all further proceedings shall be stayed, until the said issue shall be decided; and in case it shall be determined that the said purchaser . . . were not entitled to receive said money, it shall be the duty of the proper court to set aside the sale, and direct the real estate to be resold, unless the money is paid to the sheriff , . . . within ten days thereafter: Provided, That nothing in this act shall be so construed as to prevent the purchaser . . . in case the said real estate, upon the second or subsequent sale, does not bring a sum equal to the amount bid by him or them, from being liable for such deficiency."

Plaintiff contends defendants failed to abide by the provisions of section 1 and section 2 of this act. For this reason, the lien was not discharged by a judicial sale and a new sale should be held. We assume plaintiff would then attend the sale and bid thereat to the amount of its claim, rather than have it sold to the execution creditor for the costs.

Defendants, on the other hand, contend that section 1 and section 2 of the Act of 1846 has been suspended by rule 3241 of the Rules of Civil Procedure. See subsections 50 and 51 thereunder. This rule provides:

"The following Acts of Assembly are suspended insofar as they apply to the practice and procedure in enforcement of judgments as defined in Rule 3101 . . ."

The comment to rule 3101 states:

"The enforcement of judgments in actions of mortgage foreclosure, mechanics liens and similar proceedings, . . . are not governed by these rules."

It therefore appears that the cardinal question to be determined is what in reality is plaintiff attempting to accomplish by his present pending action? While the label attached thereto by plaintiff is that of asserting a mechanic's lien, plaintiff is, in fact, attempting to set aside a sheriff's sale after the delivery and recordation of the sheriff's deed to B.B.E. In this posture, we fail to view plaintiff's action as the "enforcement of judgments in an action of mortgage foreclosure (or) mechanics liens" as excepted by rule 3101, supra, and, therefore, rule 3241, if it has the status to do so, effectively repeals the Act of 1846. The rules do rise to the effect of a statutory enactment as the Rules of Civil Procedure were promulgated pursuant to the Act of August 25, 1959, P. L. 751 sec. 1, 17 PS §61. See also Dombrowski v. Philadelphia, 431 Pa. 199 (1968); Lojeski v. Quirk, 202 Pa. Superior Ct. 471 (1964).

Therefore, if a procedure is to be followed and such is found in the Rules of Civil Procedure, plaintiff is relegated to the procedures and the remedies therein provided. The Act of March 21, 1806, P. L. 558, sec. 13, 46 PS §156, forms the basis for arriving at the above conclusion, as it is therein provided that, in all cases where a remedy is provided by an act of assembly, the direction of the act shall be strictly pursued and such remedy is exclusive: Lurie v. Republican Alliance, 412 Pa. 61 (1963); Turtle Creek Borough Audit. Matey Appeal, 401 Pa. 201 (1960).

The Rules of Civil Procedure, specifically rule 3132, setting aside sheriff's sale, provides plaintiff with a remedy, if plaintiff acts thereunder with due diligence prior to delivery of the sheriff's deed to real estate sold at the sale. Plaintiff, however, failed to petition the court to set the sale aside and seek to have the court order a resale. Plaintiff, therefore,

did not avail itself of this remedy. It does not appear from the pleadings presently before us that plaintiff did not have knowledge of the sale, at least after the sale took place, so as to be prevented from proceeding under rule 3132. The present record is also barren as to any fraud perpetrated on plaintiff or any averment setting forth a lack or want of authority to sell the property as an execution creditor being vested in Dime. As these allegations are necessary to the *owner* of the premises sold at judicial sale prior to the delivery of a sheriff's deed to the successful bidder or his assignee (see Cock v. Thornton et al., 108 Pa. 637 (1885); Cooper v. Wilson, 96 Pa. 409 (1880); Knox v. Noggle, 328 Pa. 302 (1938); Home Owners' Loan Corporation v. Edwards, 329 Pa. 529 (1938); North Philadelphia Trust Company v. Hammond et al., 341 Pa. 77 (1941); Blank and Gottschall Co., Inc., et al. v. First National Bank of Sunbury et al., 355 Pa. 502 (1947); Garrison v. Erb, 424 Pa. 306 (1967); Petrovich Appeal, 155 Pa. Superior Ct. 138 (1944); Thompson v. Frazier, 159 Pa. Superior Ct. 395 (1946)), it certainly would be applicable to a person in the position of plaintiff.

If we correctly assess plaintiff's last contention, it is that it did not have actual notice of the sale and it was due to that lack of actual notice that resulted in plaintiff's failure to attend the sale and bid thereat to the extent of protecting the purported lien.

No authority is cited, nor do we find any authority for the proposition that the holder of a valid lien or claim on realty is entitled to "actual notice of a scheduled sheriff's sale of the realty."

We find the law in Pennsylvania is such that notice of a sheriff's sale is not given to lienholders, except by newspaper publication and posting of handbills: Emporium Trust Company v. Dolaway, 205

Fed. Supp. 280, U.S. Dist. Ct., M.D. Pa., 1961, Pa. R.C.P. 3129. This does not comport with our understanding of actual notice as we equate that phrase with personal notice or actual knowledge. We repeat no such requirement is imposed under our Rules of Civil Procedure on the execution creditor.

There is no suggestion by plaintiff that the execution creditor has failed to adhere to the dictates of Pa. R.C.P. 3129. Therefore, we conclude that notice was properly given, although it may be termed to be a constructive notice only.

In accordance with the conclusions herein reached, we accordingly enter the following

ORDER

And now, December 23, 1970, defendants' preliminary objections to plaintiff's interrogatories are hereby sustained.